1   XAVIER BECERRA
    Attorney General of California
2   MARGARITA PADILLA
    Supervising Deputy Attorney General
3   REED SATO
    Deputy Attorney General
4   State Bar No. 87685
      1300 I Street, Suite 125
5     P.O. Box 944255
      Sacramento, CA 94244-2550
6     Telephone: (916) 210-7789
      Fax: (916) 327-2319
7     E-mail: Reed.Sato@doj.ca.gov
    *Attorneys for Department of Toxic Substances*
8   *Control*

9

10                 UNITED STATES DISTRICT COURT

11           FOR THE NORTHERN DISTRICT OF CALIFORNIA

12              SAN FRANCISCO/OAKLAND DIVISION

13

14   **DEPARTMENT OF TOXIC**              Case No.
     **SUBSTANCES CONTROL,**
15                                        **COMPLAINT FOR RECOVERY**
                              Plaintiff,  **OF RESPONSE COSTS;**
16                                        **DECLARATORY RELIEF;**
     **v.**                               **PRELIMINARY AND**
17                                        **PERMANENT INJUNCTIONS**
      **LISA MARIE ROSSI, an**            **AND OTHER EQUITABLE**
18   **individual; GERALD F. ROSSI, an**  **RELIEF; AND CIVIL PENALTIES**
     **individual, and a trustee of the Rossi**
19   **Family Trust established March 15,**  [28 U.S.C. § 2201, 42 U.S.C. §§
     **1989, and a trustee of the Rossi**   9607(a) and 9613(b), (g)(2), and
20   **Family Trust established on June**    supplemental state law claims pursuant
     **10, 2003; LEE DOSLAK**               to California Health and Saf. Code, §§
21   **FLORANCE, a trustee of the Rossi**   25358.3, subds. (a), (e), (f), and (g),
     **Family Trust established March 15,** and 25359.2]
22   **1989; PATRICIA S. ROSSI, a**
     **trustee of the Rossi Family Trust**
23   **established on June 10, 2003; E-D**
     **Coat, Inc., a California corporation;**
24
                              Defendants.
25

26

27

28
                              1

Plaintiff, the Department of Toxic Substances Control ("Department"), alleges on information and belief:

**NATURE OF THE ACTION**

1. This action addresses real properties in Oakland, Alameda County, California with the street addresses of 715, 716, 721, 725, 726, 732 and 734 4th Street, 714 and 718 3rd Street, property identified as 3rd Street with no street number, 703, 707, 713, and 715 5th Street, property identified as 5th Street with no street number, 410, 414 and 418 Brush Street, properties identified as Brush Street with no street number, and 407 and 411 Castro Street. These properties collectively consist of approximately 1.6 acres and are identified by current Alameda County Assessor's Parcel numbers ("APNs") 1-115-5, 1-115-12, 1-115-13-2, 1-115-13-9, 1-115-17-1, 1-115-18-2, 1-115-21, 1-115-22, 1-115-23, 1-115-24, 1-115-26, 1-115-28, 1-115-29, 1-115-34, 1-115-35, and 1-115-36. A map showing the properties is attached as Exhibit "A," and is incorporated herein by reference. This action addresses these properties and the areal extent of hazardous substance contamination to soil and groundwater under and from these properties that resulted from activities on the properties (hereinafter, collectively referred to as the "E-D Coat Site").

2. The Department files this civil action under section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), for the recovery of response costs and interest on such response costs that the Department has incurred, and will incur, in connection with releases and threatened releases of hazardous substances at, beneath, and/or from the E-D Coat Site.

3. The Department further makes a claim under 28 U.S.C. § 2201 and 42 U.S.C. § 9613(g)(2) for a declaratory judgment that each of the Defendants is liable to the Department for future response costs incurred by the Department in

responding to releases or threatened releases of hazardous substances at, beneath, and/or from the E-D Coat Site.

4.     The Department further makes supplemental state law claims against Defendants pursuant to California's Carpenter-Presley-Tanner Hazardous Substance Account Act (the "HSAA"), Chapter 6.8 of Division 20 of the California Health and Safety Code, California Health and Safety Code section 25300 *et seq.* The HSAA establishes, *inter alia*, a program to provide for response authority to the Department to respond to releases of hazardous substances that may pose a threat to the public health or the environment.  The Department is the state entity principally responsible for administering and enforcing the HSAA.  On or about April 24, 2017, the Department listed the E-D Coat Site as requiring a response action pursuant to California Health and Safety Code section 25356.

5.     The Department, pursuant to pendent state law claims, seeks injunctive relief against the Defendants under California Health and Safety Code section 25358.3, subdivisions (e) and (f), and civil penalties pursuant to California Health and Safety Code sections 25359.2.

6.     Pursuant to California Health and Safety Code sections 25358.3, subdivisions (a)(3), (e) and (f), the Attorney General of the State of California may, at the Director's request, commence an action for injunctive relief under the HSAA. The Director, or the Director's authorized delegate, has made such a request to the Attorney General of the State of California.

**PLAINTIFF**

7.     The Department is a public agency of the State of California, organized and existing under California Health and Safety Code section 58000 *et seq*.  The Department has authority under state law to determine whether there has been a release and/or threatened release of a hazardous substance into the environment and to respond to releases and/or threatened releases of a hazardous substance into the environment.  The Department may bring suit under sections 107(a) of CERCLA,

3

42 U.S.C. § 9607(a), for recovery of response costs, and under 28 U.S.C. § 2201 and section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), for declaratory relief. The Department may also bring suit under the HSAA to enforce provisions of the HSAA.

## DEFENDANTS

8.      Defendant Lisa Marie Rossi is an individual.  She is the current and former operator of businesses at the E-D Coat Site that engaged in the generation, treatment, and management of hazardous wastes and the disposal of hazardous substances at and from the E-D Coat Site.  Defendant Lisa Marie Rossi operated as and did business as E-D Coat, Inc., between February 2016 and September 13, 2018 at which time E-D Coat, Inc., was a suspended corporation because of a failure by E-D Coat, Inc. to pay taxes.  At some point in time unknown to Plaintiff, Defendant E-D Coat, Inc. was reinstated as a corporation.

9.      Defendant Gerald F. Rossi is an individual.  He is a former owner and/or operator of businesses at the E-D Coat Site that engaged in the generation, treatment, and treatment of hazardous wastes and the release or threatened release of hazardous substances.  Defendant Gerald F. Rossi previously owned a portion of the E-D Coat Site identified as APNs 1-115-18-2 (from 1998-2003), 1-115-28 (from 1977-2018), 1-115-29 (from 1998-2003), 1-115-34 (from 1998-2003), 1-115-35 (from 1998-2003), and 1-115-36 (from 1998-2003) during the time that releases of hazardous substances occurred.  Defendant Gerald F. Rossi also is known as Jerry Rossi and Jerry F. Rossi.  During Gerald F. Rossi's ownership of these portions of the E-D- Coat Site, there were disposals of hazardous substances on those parcels.

10.     The Rossi Family Trust which was established on March 15, 1989 ("Rossi Family Trust I") previously owned portions of the E-D Coat Site identified as APNs 1-115-5 (from 1989-2009), 1-115-17-1 (from 1989-2009), 1-115-18-2 (from 1989-1998), 1-115-21 (from 1989-2009), 1-115-22 (from 1989-2009), 1-115-

4

23 (from 1989-2009), 1-115-24 (from 1989-2009), 1-115-29 (from 1989-1998), 1-115-34 (from 1989-1998), 1-115-35 (from 1989-1998), and 1-115-36 (from 1989-1998).  Defendant Gerald F. Rossi and Defendant Lee Doslak Florance, were each trustees of the Rossi Family Trust I, and they held title to the following parcels of the E-D Coat Site on behalf of the Rossi Family Trust I: 1-115-5 (from 1998-2009), 1-115-17-1 (from 1998-2009), 1-115-21 (from 1998-2009), 1-115-22 (from 1998-2009), 1-115-23 (from 1998-2009), and 1-115-24 (from 1998-2009).  During the period of time that Gerald F. Rossi and Lee Doslak Florance held title to these parcels, there were disposals of hazardous substances on those parcels.

11.    The Rossi Family Trust which was established on June 10, 2003 ("Rossi Family Trust II") previously owned portions of the E-D Coat Site identified as APNs 1-115-5 (from 2009-2018), 1-115-17-1 (from 2009-2018), 1-115-18-2 (from 2003-2018), 1-115-21 (from 2009-2018), 1-115-22 (from 2009-2018), 1-115-23 (from 2009-2018), 1-115-24 (from 2009-2018), 1-115-29 (from 2003-2018), 1-115-34 (from 2003-2018), 1-115-35 (from 2003-2018), and 1-115-36 (from 2003-2018).  Defendant Gerald F. Rossi and Defendant Patricia S. Rossi were each trustees of the Rossi Family Trust II and held title to these parcels of the E-D Coat Site on behalf of the Rossi Family Trust II.  During the period of time that Gerald F. Rossi and Patricia S. Rossi held title to these parcels as trustees of the Rossi Family Trust II, there were disposals of hazardous substances on those parcels.

12.    Defendant E-D Coat, Inc., is a California corporation that owned and operated a portion of the E-D Coat Site identified as APNs 1-115-12 (from 1981 to 2018), 1-115-13-2 (from 1979 to 2018), 1-115-13-9 (from 1979 to 2018), 1-115-21 (from 1977-1978), 1-115-26 (from 1984 to 2018), and 1-115-36 (from 1981-1985).  E-D Coat, Inc., was incorporated in September 1966.  During the period of time that E-D Coat, Inc., owned and operated these parcels, there were disposals of hazardous substances on those properties.

13.     In this Complaint, when reference is made to any act or omission of any defendant, such allegations shall include the acts and omissions of owners, officers, directors, agents, employees, contractors, affiliates, and/or representatives of that defendant, while acting within the course and scope of their employment or agency on behalf of that defendant during the relevant time periods.

## JURISDICTION AND VENUE

14.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and under section 113(b) of CERCLA, 42 U.S.C. § 9613(b).  This Court has supplemental jurisdiction over the subject matter of the claims made under state law in this action under 28 U.S.C. § 1367(a) because those claims arise out of the same common nucleus of facts as the federal question jurisdiction claims set forth in this Complaint and are so closely related to the actions brought under federal law that they form part of the same case or controversy.

15.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the release or threatened release of hazardous substances into the environment that give rise to these claims occurred in this judicial district.

## INTRA-DISTRICT ASSIGNMENT

16.     Assignment to the San Francisco/Oakland Division is proper under Civil Local Rule 3-2(d) because a substantial part of the events or omissions giving rise to the claims in this action occurred in Alameda County in the State of California.

## ALLEGATIONS COMMON TO ALL CLAIMS

### *E-D Coat Site Ownership and Operation Background*

17.     Defendant E-D Coat, Inc., operated as an electroplating facility on a portion of the E-D Coat Site providing zinc, cadmium, and chromium plating services until approximately 2012.  E-D Coat Inc.'s hazardous materials inventory submitted with local regulators identified the following hazardous materials stored

at the E-D Coat Site: sodium hydroxide, nitric acid, hydrochloric acid, hydrofluoric acid, sulfuric acid, zinc, cadmium, and others.

18.   On or about 1993, Defendant E-D Coat, Inc., applied for a permit-by-rule ("PBR") under a tiered permitting program in accordance with California Code of Regulations, title 22, section 67450.11 in order to treat hazardous waste generated by its onsite plating operations.  On or about July 17, 1993, DTSC granted authorization to Defendant E-D Coat, Inc. to operate two PBR units, aqueous waste treatment and a filter press and heater.  One PBR unit treated wastewater in order to reduce hexavalent chromium to trivalent chromium and treatment of cyanide-bearing hazardous waste (zinc cyanide and cadmium cyanide).  The other PBR unit consisted of a filter press and sludge dryer that treated the sludge from the aqueous liquid treatment.

19.   On or about 1999, the United States Environmental Protection Agency ("USEPA") executed a search warrant at E-D Coat's electroplating facility at the E-D Coat Site for suspected unlawful discharge of wastewater to the sewer system, which resulted in a criminal conviction against Defendant Gerald F. Rossi.

20.   Between approximately 1993 and 2000, East Bay Municipal Utilities District ("EBMUD") cited Defendant E-D Coat, Inc. for ninety-seven (97) separate violations associated with the E-D Coat Site, including violations of federal discharge limits, which are designed to protect water bodies from pollutants.

21.   On or about April 2009, the Alameda County District Attorney's Office executed a search warrant based on an EBMUD allegation that metal discharges to the sewer were occurring near the E-D Coat Site.

22.   Between on or about April 8, 2011 and May 31, 2012, EDMUD issued Defendant E-D Coat, Inc. seven (7) notices of violations citing, among other things, Defendant E-D Coat, Inc.'s illicit wastewater discharges associated with the E-D Coat Site to unauthorized locations and with metal concentrations exceeding regulatory limits.

23.   On or about June 4 2012, EBMUD terminated Defendant E-D Coat, Inc.'s wastewater discharge permit because of illegal discharges to the sewer and ordered Defendant E-D Coat, Inc. to immediately cease all plating operations at the E-D Coat Site.

24.   The following substances have been found in tanks, drums, sumps, and other containers at the E-D Coat Site: acids (hydrochloric acid, hydrofluoric acid, sulfuric acid, chromic acid, and nitric acid), caustic soda, cyanide, and heavy metals such as chromium, cadmium and zinc.  They are each a hazardous substance as defined by section 101(14) of CERCLA, 42 U.S.C. § 9601(14) and California Health and Safety Code section 25316.

25.   On April 19, 2017, the Alameda County District Attorney's Office executed a search warrant at the following six distinct areas of the E-D Coat Site:

a.   Location #1: 716 4th Street, Small Rack Line (Line A), Large Rack Line (Line B);

b.   Location #2: 407 Castro Street, Warehouse;

c.   Location #3: 411 Castro Street, Shipping and Receiving;

d.   Location #4: 715&721 4th Street, Old Barrel Line (Line D), Cleaning & Pickling Line (Line E);

e.   Location #5: 725 4th Street, New Automatic Line (Line C), Chem Film Line (Line G); and

f.   Location #6: 714 & 718 3rd Street, Waste Treatment Yard. Department staff participated in the execution of the search warrant at the E-D Coat Site.

***Imminent and/or Substantial Endangerment Determination and Order***

26.   On April 24, 2017, the Department issued an Imminent and/or Substantial Endangerment Determination and Order and Remedial Action Order, Docket No. HSA FY 16/17 – 107 ("I&SE Order"), to Defendants Lisa Marie Rossi,

8

Gerald F. Rossi, and E-D Coat, Inc. and others.  A true and correct copy of the I&SE Order is attached as Exhibit "B."

27.    The areas at the E-D Coat Site that were searched during the execution of the search warrant are further described in the Section 2.3 of the I&SE Order (Exhibit "B", pg. 4 – 7).  That section is incorporated by reference into this Complaint.

28.    Defendant E-D Coat, Inc. was identified in the I&SE Order as a suspended California corporation that owned a portion of the E-D Coat Site and that operated a metal plating business at the E-D Coat Site until its corporate status was suspended in February 2016.  As stated above, the Department is unaware of when E-D Coat, Inc. was reinstated.

29.    Defendant Lisa Marie Rossi, identified as Lisa Rossi in the I&SE Order, was identified as the current operator of the E-D Coat Site and the operator of the E-D Coat Site during the time when hazardous substances were released at the E-D Coat Site.

30.    Defendant Gerald F. Rossi, identified as Jerry Rossi in the I&SE Order, was identified as an operator of the E-D Coat Site, and the operator of the E-D Coat Site during the time when hazardous substances were released of at the E-D Coat Site.

31.    On or before May 4, 2017, staff of the Department observed that the hole in the roof directly above Tank E12 was covered at the E-D Coat Site.

32.    On or about May 30, 2017, staff of the Department observed the following actions had been taken at the E-D Coat Site:

a.    the liquid contents of Tank E33 were removed and disposed of off-site as evidenced by hazardous waste manifest, but the sludge/sediments remained in Tank E33;

9

Complaint for Recovery of Response Costs, Dec. Relief; Preliminary and Permanent
Injunctions and Other Treble Damages; and Civil Penalties (**********)

b.   the liquid contents of Tank E31 were removed and disposed of off-site as evidenced by hazardous waste manifest, but the sludge/sediments remained in Tank E31;

c.   three of the four underground sumps were covered; and

d.   the liquid contents of Tank F1 had been removed and disposed of off-site, but the sludge/sediments remained in Tank F1.

33.   On June 5, 2017, the Department issued a letter to the Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc. and others, entitled "Notice of Proposed Determination of Non-Compliance with Imminent and/or Substantial Endangerment Determination and Order and Remedial Action Order, E-D Coat, Inc. Oakland, California, Docket No. HSA FY 16/17 – 107" ("Notice of Proposed Determination").

34.   The Notice of Proposed Determination indicated that Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc., and other respondents had not complied with:  1) Section 5.1.1.a.iii of the IS& E Order that required the respondents to submit a hazardous substance inventory and a removal workplan specifying a schedule for removal of all Hazardous Substances from the E-D Coat Site by May 29, 2017; and 2) Section 5.2.2. of the Order, which required the respondents to prepare and submit to the Department a detailed Remedial Investigation/Feasibility Study Workplan for the E-D Coat Site and implementation schedule ("RI/FS Workplan") by May 31, 2017.  The Notice of Proposed Determination indicated that if by close of business on June 12, 2017, Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and other respondents submitted the required Inventory, Removal Workplan, and RI/FS Workplan, the Department would withdraw the notice.

35.   On June 19, 2017, the Department issued a Notice of Determination of Non-Compliance with Imminent and/or Substantial Endangerment Determination and Order and Remedial Action Order, E-D Coat, Inc. Oakland, California, Docket

10

No. HSA FY 16/17 – 107 ("Notice of Determination"), to Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc. and others, which is attached as Exhibit "C."

36.   On or before October 26, 2017, as a result of the failure of Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc. and others to take proper response action at the E-D Coat Site in compliance with the I&SE Order, the Department contracted for the response work to be performed by PARC Environmental.  PARC Environmental performed the response action by removing the contents of three (3) sumps containing cyanide waste for off-site disposal on October 26, 2017 and November 1, 2017.

37.   On or about March 16, 2018, an attorney representing Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc. communicated to the Department that the contents of the fourth underground sump were removed.

38.   On or about November 20, 2018, an attorney representing Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc. communicated to the Department that the following actions had been taken at the E-D Coat Site:  (1) that free liquids were removed from eleven (11) 55-gallon drums and thirty (30) 5-gallon containers into 55-gallon drums, which were labeled, and staged for future disposal, (2) absorbent was used to solidify any remaining moisture in the original eleven (11) 55-gallon drums and thirty (30) 5-gallon containers and were placed into a lined 40 cubic yard roll-off bin along with seven (7) supersacks of filter cake, which were hauled under a hazardous waste manifest and disposed off-site.

39.   The actions described in Paragraphs 35 and 36 did not address all of the requirements of the I&SE Order.

### *USEPA's Involvement with the E-D Coat Site*

40.   On or about June 22, 2017, the Department requested the assistance of United States Environmental Protection Agency ("USEPA") to conduct a removal action at a portion of the E-D Coat Site.

11

41.   On or about December 13, 2017, USEPA issued a notice of Federal Response Action to, among others, Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc. stating that USEPA had been informed that a release or threatened release of hazardous substances, pollutants, or contaminants into the environment had occurred at a facility located at 715 4th Street, Oakland, California (which is a property within the E-D Coat Site) and that specific response actions were required to be performed ("Notice of Federal Response Action").  The Notice of Federal Response Action stated that before USEPA initiated a response action at a site, USEPA gave a responsible party an opportunity to conduct the response by entering into an administrative agreement with the party or "[i]f the responsible party is unwilling or unable to perform the response, [US]EPA may issue an order which requires the party to perform the work or [US]EPA may perform the work." As of the date of this Complaint, USEPA has not executed an administrative agreement or issued an executive order relating to E-D Coat Site or any portion thereof.

### *Related Criminal Enforcement Action against Defendant Lisa Rossi*

42.   On or about December 4, 2017, the Alameda County District Attorney filed a fifteen (15) count felony complaint against Defendant Lisa Marie Rossi for various hazardous waste management violations at or in connection with the E-D Coat Site (*People v. Lisa Marie Rossi*, Alameda County Sup. Ct., Case No. 17-CR-036926).

43.   On or about August 7, 2018, Defendant Lisa Marie Rossi entered into a plea agreement with the Alameda County District Attorney's Office, under which Defendant Lisa Marie Rossi pleaded no contest to Count 3 in the criminal complaint and agreed to the following:

a.   Pleaded to a felony violation of California Health and Safety Code section 25189.6 for the unlawful storage of hazardous waste at the E-D Coat Site causing an unreasonable risk of fire, explosion, serious injury, or death.

    b. Placed on three (3) years of formal felony probation.

    c. Will receive up to 6-month county jail sentence with amount of county jail left to the determination of the sentencing judge.

    d. Subject to a 4-way search clause (i.e., subject to a search of (1) her, (2) her home, (3) any vehicle under her control, and (4) any other property under her control).

    e. Ordered to pay any applicable fines and fees.

    f. Restitution reserved on all counts.

    g. Defendant Lisa Marie Rossi is not to operate E-D Coat, Inc., as a plating business during the term of probation (except to assist with cleanup or mitigation).

    h. Defendant Lisa Marie Rossi is not to own or operate any business that generates hazardous waste during the term of probation.

    i. Defendant Lisa Marie Rossi must fully and timely comply with any orders from the Department and USEPA related to the hazardous waste clean-up and mitigation of the E-D Coat Site.

    j. Obey all laws and be of good conduct.

44. On December 13, 2018, Defendant Lisa Marie Rossi was sentenced to 6-months county jail and subject to the aforementioned probation terms allowing her to serve the sentence via electronic ankle-monitoring.

45. On or about September 13, 2019, the Alameda County District Attorney's Office made a motion to revoke Defendant Lisa Marie Rossi's probation based on her failure to comply with a specific term of probation regarding her compliance with the I&SE Order.

46. On or about October 28, 2019, Defendant Lisa Marie Rossi, was found in violation of her probation and her probation was revoked.  Defendant Lisa Marie Rossi has been ordered to appear in Alameda County Superior Court on May 22, 2020 for sentencing.

*2018 Tax Auction and New Parcel Owners*

47.     On or about May 2018, the Alameda County Treasurer-Tax Collector ("Alameda County") held a tax defaulted land auction ("2018 Tax Auction") for real property that comprised the E-D Coat Site.  Parcels were auctioned during the 2018 Tax Auction because the owners of those parcels had failed to pay property taxes on their respective parcels since approximately July 1, 2002.  Alameda County had attempted to sell these E-D Coat Site parcels prior to the 2018 Tax Auction, but each time Alameda County attempted to sell the E-D Coat Site parcels, Defendant Gerald R. Rossi and/or E-D Coat, Inc. with an ownership interest in the parcels would file a bankruptcy petition, which triggered the automatic stay and prevented the sale of the E-D Coat Site parcels while the bankruptcy automatic stay was in effect, but soon after each scheduled tax sale was continued, the bankruptcy petitions were dismissed.  The United States Bankruptcy Court, Northern District of California, Oakland Division, in the matter entitled, *In re Jerry F. Rossi*, No. 18-40629, made a finding on or about May 2, 2018, that the filing of a bankruptcy petition by Gerald F. Rossi (as Jerry F. Rossi) with an ownership interest in the parcels "was part of a scheme to delay, hinder, or defraud creditors involving multiple bankruptcies."  [*In re Jerry F. Rossi*, No. 18-40629, Docket 21, pg. 3.]

48.     As a result of the 2018 Tax Auction, Yikaalo Gebreselassie and Samson Gebreselassie are the current owners of real property which constitutes a portion of the E-D Coat Site, specifically APN 1-115-5.

49.     As a result of the 2018 Tax Auction, Warren Tseng and Tan Tseng are the current owners of real property which constitutes a portion of the E-D Coat Site, specifically APNs 1-115-12, 1-115-13-9, 1-115-17-1.

50.     As a result of the 2018 Tax Auction, Tan Tseng is the current owner of real property which constitutes a portion of the E-D Coat Site, specifically APN 1-115-21.

51.      As a result of the 2018 Tax Auction, Mireles Investments, LLC is the current owner of real property which constitutes a portion of the E-D Coat Site, specifically APN 1-115-13-2.

52.      As a result of the 2018 Tax Auction, 3D Clone, Inc. 401 K Plan & Trust is the current owner of real property which constitutes a portion of the E-D Coat Site, specifically APN 1-115-18-2.

53.      As a result of the 2018 Tax Auction, J&M Real Estate Group, LLC is the current owner of real property which constitutes a portion of the E-D Coat Site, specifically APN 1-115-22.

54.      As a result of the 2018 Tax Auction, 410 Brush St., LLC, is the current owner as of 2018 which constitutes a portion of the E-D Coat Site, specifically APNs 1-115-23, 1-115-24, and 1-115-26.

55.      As a result of the 2018 Tax Auction, Steppingstone Assets Group, LLC is the current owner of real property which constitutes a portion of the E-D Coat Site, specifically APNs 1-115-28, 1-115-34, 1-115-35, and 1-115-36.

56.      As a result of the 2018 Tax Auction, 715 4th Street, LLC, is the current owner of real property which constitutes a portion of the E-D Coat Site, specifically APN 1-115-29.

57.      Each of the owners identified in Paragraphs 48 through 56 are referred to herein as the 2018 Tax Auction Owners.

58.      Some or all of 2018 Tax Auction Owners have filed petitions with Alameda County seeking the rescission of the sale of the parcels that they acquired through the 2018 Tax Auction.  Some of all of the Defendants have also filed petitions with Alameda County seeking the rescission of the sale of the E-D Coat Site parcels.  As of the date of the filing of this Complaint, the petitions for rescission of the sale of the E-D Coat Site parcels are pending with the Alameda County Board of Supervisors.

*Amended Imminent and/or Substantial Endangerment Order*

59.     On or about April 5, 2019, the Department issued a First Amendment to the I&SE Order ("First Amended I&SE Order").  A true and correct copy of the First Amended I&SE Order is attached as Exhibit "D."  The First Amended I&SE Order added additional companies, individuals, and trusts as additional respondents to the I&SE Order including Gerald F. Rossi and Patricia S. Rossi as Trustees of the Rossi Family Trust II; added properties to be covered by the First Amended I&SE Order; made changes to the language of the I&SE Order; and deleted references to APNs 001-115-15 and 001-115-18-1 in Section 1.2 of the I&SE Order.

*Health Effects of the Hazardous Substances at the Site*

60.     The allegations of health effects in Section 2.5 of the I&SE Order (Exhibit "B", pg. 7 – 9) are incorporated by reference in this Complaint.

*Routes of Exposure to the Public from Hazardous Substances at the Site*

61.     The allegations of the routes of exposure to the public from the E-D Coat Site are identified in Section 2.6 of the I&SE Order (Exhibit "B", pg. 9).  The routes of exposure include direct contact, ingestion, dermal absorption, and inhalation by humans and animals.  Due to deteriorated condition of the pavement covering the E-D Coat Site and because the floor in the plating area was historically unpaved, hazardous substances at the E-D Coat Site may have migrated to soil and contaminated groundwater.

*Public Health and/or Environmental Risk Posed by the Site*

62.     The allegations of public health and/or environmental risk posed by the E-D Coat Site are identified in Section 2.7 of the I&SE Order (Exhibit "B", pg. 9) and are incorporated herein by reference in this Complaint.

*Necessity for Response Action*

63.     As set forth in Section 4.1 of the I&SE Order, the Department has determined that a response action is necessary at the E-D Coat Site because there

has been a release or threatened release of hazardous substances at and/or from the E-D Coat Site.

### Determination of Imminent and/or Substantial Endangerment

64.     As set forth in Section 4.2 of the I&SE Order, the Department has determined that there may be an imminent and/or substantial endangerment to the public health or welfare or to the environment because of the release and/or threatened release of hazardous substances at the Site.

65.     On or about November 19, 2019, the Department issued a Notice of Final Determination of Noncompliance to all of the respondents of the First Amended I&SE Order, i.e., all the 2018 Tax Auction Owners, Defendant Lisa Marie Rossi, in her individual capacity and as doing business as E-D Coat, Inc., Defendant Gerald F. Rossi, in his individual capacity, as a trustee of the Rossi Family Trust II, and Defendant Patricia S. Rossi as a trustee of the Rossi Family Trust II.  The notification is attached as Exhibit "E", hereto.

### Response Costs Incurred by the Department

66.     The Department uses two site project billing codes to track its responses costs incurred with relation to the E-D Coat Site.  The site project codes are:  202138 - SM and 202249 - SM.  The time periods covered by each project code is sequential.

67.     The Department's unpaid response costs related to the E-D Coat Site through September 20, 2019 total approximately $230,517.17, exclusive of interest, legal enforcement costs, and emergency response costs.  On or about August 16, 2017, February 5, 2018, May 10, 2018, July 16, 2018, December 4, 2018, February 21, 2019, June 5, 2019, September 12, 2019, December 19, 2019, and December 20, 2019, the Department notified Defendants Lisa Marie Rossi, Gerald F. Rossi, Patricia S. Rossi and E-D Coat, Inc. of $230,517.17 of the response costs and their individual liability for such costs.  To the extent that there is any uncertainty related to previous notices, this Complaint serves as notice that Defendant Patricia S.

17

Rossi, as trustee for the Rossi Family Trust II, and Defendant Lee Doslak Florance, as trustee for the Rossi Family Trust I, are jointly and severally liable for all of the response costs incurred by the Department through September 20, 2019, exclusive of interest and legal enforcement costs.

68.     This Complaint serves as notice that Defendants Lisa Marie Rossi, Gerald F. Rossi, Patricia S. Rossi, Lee Doslak Florance, and E-D Coat, Inc., each are jointly and severally liable for an additional $20,660.86 for the response actions described in Paragraph 36.

69.     The Department has additional response costs for costs and legal fees incurred by the Attorney General's Office related to the enforcement of the obligations of the Defendants under the I&SE Order or the First Amended I&SE Order, and for recovery of response costs sought in this action.

70.     The Department has incurred response costs between September 20, 2019 and the date that this Complaint is filed.  The Department expects to incur additional response costs after this Complaint is filed.

## FIRST CLAIM FOR RELIEF

### (Claim for Recovery of Response Costs Against All Defendants)

### (Section 107(a) of CERCLA, 42 U.S.C. § 9607(a))

71.     The Department realleges Paragraphs 1 through 70, as though fully set forth herein.

72.     The E-D Coat Site is a "facility" within the meaning of section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

73.     Each of the Defendants, is a "person" within the meaning of section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

74.     The Department has taken "response" actions at the E-D Coat Site within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

75.     The Department is a "State" for purposes of recovery of response costs under section 107(a) of CERCLA, 42 U.S.C. § 9607(a).  Pursuant to this section, the Department may also recover interest on response costs incurred.

76.     The chemical and metal wastes, compounds, mixtures, solutions, or substances at the E-D Coat Site addressed by the I&SE Order and the First Amended I&SE Order are "hazardous substances" under section 101(14) of CERCLA, 42 U.S.C. § 9601 (14).

77.     The disposal of the contaminants of concern at the E-D Coat Site are "releases" of hazardous substances into the environment from a facility within the meaning of section 101(22) of CERCLA, 42 U.S.C. § 9601(22).

78.     As a result of the disposal of hazardous substances, and/or the release and/or threatened release of hazardous substances at and from the E-D Coat Site, the Department has responded to the release or threatened release of hazardous substances to the environment and incurred response costs, including, but not limited to, the costs of oversight and enforcement costs, within the meaning of section 101(25) of CERCLA, 42 U.S.C. § 9601(25).

79.     The Department has incurred costs in responding to the release or threatened release of hazardous substances at and from the E-D Coat Site in a manner that satisfies the requirements of section 107(a)(4) of CERCLA, 42 U.S.C. § 9607(a)(4), in that the costs arose from activities that are not, and have not been, inconsistent with the applicable requirements of the National Contingency Plan, 40 C.F.R. Part 300.

80.     Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and Patricia S. Rossi, and each of them, are liable as a person, pursuant to section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because at the time of disposal of a hazardous substance at the E-D Coat Site, each Defendant owned or operated the E-D Coat Site.

81.     Each of the Defendants is jointly and severally liable, without regard to fault, pursuant to section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all the costs of the response actions, not inconsistent with the National Contingency Plan, that the Department incurred, and will incur, in response to the release or threatened release of hazardous substances at or from the E-D Coat Site.

## SECOND CLAIM FOR RELIEF

### (Claim for Declaratory Relief Against All Defendants)
### (Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))

82.     The Department realleges Paragraphs 1 through 81, as though fully set forth herein.

83.     The Department has incurred and expects to continue to incur response costs related to the E-D Coat Site.

84.     Under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the Department is entitled to a declaratory judgment that the Defendants Lisa Marie Rossi, Gerald F. Rossi, Lee Doslak Florance, E-D Coat, Inc., and Patricia S. Rossi, and each of them, are jointly and severally liable, without regard to fault, in any subsequent action or actions by the Department to recover any further costs incurred in response to the release and/or threatened release of hazardous substances into the environment at or from the E-D Coat Site.

## THIRD CLAIM FOR RELIEF

### (Injunctive Relief Requiring Compliance with First Amended Imminent and/or Substantial Endangerment Order Against Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., Patricia S. Rossi)

### (California Health and Safety Code section 25358.3(f))

85.     Plaintiff realleges Paragraphs 1 through 65, as though fully set forth herein.

86.     The E-D Coat Site is a "Site" pursuant to California Health and Safety Code section 25323.9.

87.     Each Defendant is a "responsible party" or "liable person" as defined in California Health and Safety Code section 25323.5.

88.     The term "release" shall have the same meaning and the same exclusions as set forth in Sections 25320 and 25321 of the California Health and Safety Code.

89.     The terms "response," "respond," or "response action" shall have the same meaning as set forth Section 25323.3 of the California Health and Safety Code.

90.     The term "hazardous substance" shall have the same meaning and the same exclusions as set forth in Sections 25316 and 25317 of the California Health and Safety Code.

91.     California Health and Safety Code section 25358.3, subdivision (e) provides that whenever there is a release or threatened release of a hazardous substance, the Director may request the Attorney General to secure such relief as may be necessary from the responsible party or parties to abate the release or threatened release.  The Director has made such a request.

92.     California Health and Safety Code section 25358.3, subdivision (f) provides that upon the failure of any person to comply with any order issued by the Department pursuant to California Health and Safety Code section 25358.3, the Director may request the Attorney General to petition the Court for the issuance of any injunction requiring that person to comply with that order.  The Court has jurisdiction to grant a temporary restraining order or a preliminary or permanent injunction.  The Director's designee has made a request to the Attorney General to seek an injunction requiring Defendants to comply with the First Amended IS&E Order.  The claim is brought in this action as a supplemental state claim.

93.      California Health and Safety Code section 25358.3, subdivision (g) provides that any civil action brought in which a temporary restraining order or a preliminary or permanent injunction is sought, the Department shall prove that the defendant is a responsible party and there is a release or threatened release of a hazardous substance.  It shall not be necessary to allege or provide that irreparable damage will occur should the requested relief not be issued, or that the remedy at law is inadequate; and the temporary restraining order or the preliminary or permanent injunction shall issue without those allegations and without that proof.

94.      Based on the foregoing, Plaintiff requests injunctive relief against the Defendants, Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and Patricia S. Rossi, and each of them, pursuant to supplemental California state law requiring them to comply with all outstanding elements of the First Amended I&SE Order.

**FOURTH CLAIM FOR RELIEF**

**(Requirement for Access by Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., Patricia S. Rossi to the E-D Coat Site by the Department and its Contractors, Consultants, Employees and Representatives to Oversee or Perform Required Response Action)**

**(California Health and Safety Code section 25358.3(a)(2))**

95.      Plaintiff realleges Paragraphs 1 through 65, and 85 through 89, as though fully set forth herein.

96.      For some response actions required at the E-D Coat Site by the First Amended I&SE Order, the Department may need access to perform response actions to protect public health and safety and/or the environment, if the Defendants do not comply with the First Amended I&SE Order pursuant to California Health and Safety Code section 25358.3, subdivision (a)(2).

97.      In the event that the Department determines to undertake a response action that is addressed by the First Amended I&SE Order after the failure of the Defendants, or any of them, to comply with the First Amended I&SE Order, the

Department is entitled to injunctive relief, pursuant to California Health and Safety Code section 25358.3(f), against the Defendants, and each of them, requiring Defendants, to comply with section 6.10 of the First Amended I&SE Order, <u>Site Access</u>, by, at a minimum, 1) allowing the Department and its contractors, consultants, employees, and representatives, access to the E-D Coat Site to implement the work required by the First Amended I&SE Order; 2) not preventing or interfering with any response work being performed by the Department and its contractors, consultants, employees, and representatives; and 3) not taking any action that would otherwise hinder or frustrate the implementation of the work required by the First Amended I&SE Order, or by any modifications or amendments to that order.

## FIFTH CLAIM FOR RELIEF

**(Civil Penalty for Failure to Comply with I&SE Order by Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc.)**

**(Cal. Health & Saf. Code, § 25359.2)**

98.     Plaintiff realleges Paragraphs 1 through 65, and 85 through 89, as though fully set forth herein.

99.     California Health and Safety Code section 25359.2 provides that any person subject to an order issued pursuant to California Health and Safety Code section 25358.3 who does not comply with that order without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance.  Liability can be imposed in a civil action.

100.     Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc., and each of them, have failed or refused, without sufficient cause, to comply with the I&SE Order as set forth in Exhibit "B".

23

Complaint for Recovery of Response Costs, Dec. Relief; Preliminary and Permanent
Injunctions and Other Treble Damages; and Civil Penalties (**********)

101.    The Department is entitled to a civil penalty for each day of noncompliance without sufficient cause until the Department issued the First Amended I&SE Order.  For the Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc., and each of them, noncompliance began on or about June 19, 2017 and continued through April 7, 2019.

102.    This claim for relief is being brought within five years of the discovery of the facts by the Department that constitute the grounds for commencing this action pursuant to California Code of Civil Procedure section 338.1.

103.     The Department requests a civil penalty, in accordance with proof, pursuant to California Health and Safety Code section 25359.2, against Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc., and each of them, for their failure to comply with the I&SE Order.

**SIXTH CLAIM FOR RELIEF**

**(Civil Penalty for Failure to Comply with First Amended I&SE Order Against Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., Patricia S. Rossi)**

**(Cal. Health & Saf. Code, § 25359.2)**

104.    Plaintiff realleges Paragraphs 1 through 65, and 85 through 89, as though fully set forth herein.

105.    California Health and Safety Code section 25359.2 provides that any person subject to an order issued pursuant to California Health and Safety Code section 25358.3 who does not comply with that order without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance.  Liability can be imposed in a civil action.

106.   Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and Patricia S. Rossi have failed or refused, without sufficient cause, to comply with the First Amended I&SE Order, as set forth in Exhibit "E".

107.   The Department is entitled to a civil penalty for each day of noncompliance without sufficient cause until the Defendants comply with the terms of the First Amended I&SE Order.  For Defendants Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat, Inc., the noncompliance began on April 7, 2019.  For Defendant Patricia S. Rossi, as trustee of the Rossi Family Trust II, the noncompliance began on or after June 21, 2019 when the Department issued an Amended Notice of Proposed Determination of Noncompliance to her.

108.   This claim for relief is being brought within five years of the discovery of the facts by the Department that constitute the grounds for commencing this action pursuant to California Code of Civil Procedure section 338.1.

109.   The Department requests a civil penalty, in accordance with proof, pursuant to California Health and Safety Code section 25359.2, against Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and Patricia S. Rossi, and each of them, for their failure to comply with the First Amended I&SE Order.

## PRAYER FOR RELIEF

WHEREFORE, the Department prays for relief as follows:

A.     For a judgment that Defendants Lisa Marie Rossi, Gerald F. Rossi, Lee Doslak Florance, E-D Coat, Inc., and Patricia S. Rossi, are each jointly and severally liable without regard to fault to the Department under section 107(a) of CERCLA, 42 U.S.C. § 9607(a) for all response costs incurred by the Department as a result of the release and threatened release of hazardous substances at and/or from the E-D Coat Site, in an amount to be proven at trial but in the amount of at least $251,178.03 incurred through September 20, 2019, excluding interest;

25

Complaint for Recovery of Response Costs, Dec. Relief; Preliminary and Permanent
Injunctions and Other Treble Damages; and Civil Penalties (**********)

B.    For interest on the above sum as provided under section 107(a) of CERCLA, 42 U.S.C. § 9607(a) in an amount to be determined, but at a minimum of $3,885.99 through September 20, 2019;

C.    For a declaratory judgment that Defendants Lisa Marie Rossi, Gerald F. Rossi, Lee Doslak Florance, E-D Coat, Inc., and Patricia S. Rossi, are each jointly and severally liable without regard to fault to the Department under section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) for all future response costs incurred by the Department as a result of the release and threatened release of hazardous substances at and/or from the E-D Coat Site;

D.    For preliminary and permanent injunctions ordering the Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and Patricia S. Rossi, and each of them, and their agents, employees, representatives, and all persons acting within the control of a respective Defendant, to take response actions, as defined in California Health and Safety Code section 25323.3, to comply with the outstanding requirements of the First Amended I&SE Order.

E.    For preliminary and permanent injunctions ordering the Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and Patricia S. Rossi, and each of them, and their agents, employees, representatives, and all persons acting within the control of a respective Defendants to allow access to the Department, and its contractors, consultants, employees, and representatives, to observe and perform response actions, as defined pursuant to California Health and Safety Code section 25323.3, and not to impede, hinder, prevent, or otherwise interfere with response action(s) that the Department undertakes at the E-D Coat Site.

F.    Judgment against Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D Coat, Inc., and each of them, for civil penalties in accordance with proof for violations described in the Fifth Claim for Relief pursuant to California Health and Safety Code section 25259.2, but in the amount of no less than $347,600;

1    G.    Judgment against Defendants Lisa Marie Rossi, Gerald F. Rossi, E-D

2  Coat, Inc., and each of them, for civil penalties in accordance with proof for

3  violations described in the Sixth Claim for Relief pursuant to California Health and

4  Safety Code section 25259.2, but in the amount of no less than $157,950;

5    H.    Judgment against Defendant Patricia S. Rossi for civil penalties in

6  accordance with proof for violations described in the Sixth Claim for Relief

7  pursuant to California Health and Safety Code section 25259.2, but in the amount

8  of no less than $123,300;

9    I.    For enforcement costs, including costs of this suit and attorneys' fees as

10  additional response costs pursuant to section 107(a) of CERCLA, 42 U.S.C. §

11  9607(a); and

12    J.    For all other relief that the Court deems appropriate.

13
14  Dated:  February 10, 2020            Respectfully Submitted,

15                                       XAVIER BECERRA
                                         Attorney General of California
16                                       MARGARITA PADILLA
                                         Supervising Deputy Attorney General

17                                       s/ Reed Sato_

18
19                                       _____
                                         REED SATO
20                                       Deputy Attorney General
                                         *Attorneys for the Department of Toxic*
                                         *Substances Control*

21
22  SA2017304673
    Doc 14417179
23
24
25
26
27
28