UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>LISA MARIE ROSSI, et al.,<br><br>Defendants. | Case No. 20-cv-01049-VC   (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTES**<br>Re: Dkt. Nos. 32, 33, 34, 35, 36 |

Now pending before the court are a series of five letter briefs setting forth discovery disputes between Plaintiff (the California Department of Toxic Substances Control) and Defendants E-D Coat, Inc. (a California Corporation), Lisa Marie Rossi (an individual), Gerald F. Rossi (an individual and a trustee of the Rossi Family Trust), Lee Doslak Florence (a trustee of the Rossi Family Trust), and Patricia Rossi (a trustee of the Rossi Family Trust). *See generally* Ltr. Brs. (dkts. 32, 33, 34, 35, 36).[1] The letter briefs are nearly identical and essentially embody Plaintiff's effort to compel Defendants to produce responsive documents to a series of propounded Requests for Production ("RFPs") and Interrogatories ("ROGs").

E-D Coat, Inc., a business that has been owned and operated by Defendants at various times, has been engaged in providing zinc, cadmium, and chromium electroplating services. *See* Ltr. Br. (dkt. 36-1) at 1. Plaintiff has alleged that while various Defendants owned and / or operated the business, hazardous substances were released, resulting in Plaintiff's 2017 issuance of an "Imminent and / or Substantial Endangerment Determination and Order and Remedial Action

---

[1] Pursuant to Civil Local R. 7-1(b), the court finds that this matter is suitable for disposition without oral argument.

1  Order" (I&SE Order). *Id.* The I&SE Order was issued because Plaintiff reportedly became aware
2  of evidence of a hazardous substance release at the E-D Coat location that could pose a danger to
3  the environment or to public health and welfare. *Id*. Plaintiff has also alleged that Defendants
4  failed to comply with the I&SE Order, causing Plaintiff and the United States Environmental
5  Protection Agency to undertake various actions to remove hazardous materials from the site. *Id*. at
6  1-2. Plaintiff then brought this action to recover the remediation costs that have already been
7  incurred – as well as certain additional costs that are anticipated – in accordance with the cost-
8  recovery provisions of § 107 of the Comprehensive Environmental Response, Compensation, and
9  Liability Act ("CERCLA"), 42 U.S.C. § 9607(a), as well as seeking other relief and penalties
10 under various provisions of state law, including Cal. Health & Safety Code § 25359.2. *Id*. at 2.

11       In February of 2021, Plaintiff propounded RFPs and ROGs to each Defendant (all of
12 whom are represented by the same counsel) and after some back-and-forth, in October of 2021,
13 Plaintiff informed defense counsel that Defendants had failed to adequately respond to a number
14 of the discovery requests. *See* Ltr. Br. (dkt. 32-1) at 2-3; Ltr. Br. (dkt.33-1) at 2-3; Ltr. Br. (dkt.
15 34-1) at 2-3; Ltr. Br. (dkt. 35-1) at 2-3; and, Ltr. Br. (dkt. 36-1) at 2-3. Defendants had provided a
16 few responses, lodged certain objections, and suggested in October of 2021 that they would
17 produce some unidentified quantum of additional discovery pursuant to a protective order at some
18 point in the future; however, as Plaintiff puts it, "[s]ince then, nothing further has been provided
19 by any of the defendants that is responsive to the outstanding discovery requests." *See* Ltr. Br.
20 (dkt. 32-1) at 3; Ltr. Br. (dkt.33-1) at 3; Ltr. Br. (dkt. 34-1) at 3; Ltr. Br. (dkt. 35-1) at 3; and, Ltr.
21 Br. (dkt. 36-1) at 3.

22       In response to the discovery requests themselves, Defendants previously advanced various
23 objections in boilerplate fashion by contending that the discovery requests are objectionable
24 because they are, among other things: "vague, ambiguous and overly board as to time and scope,
25 overly burdensome, not relevant, call for expert testimony or opinions, are compound, include
26 undefined terms, fail to state with particularity the items sought, duplicative, harassing, equally
27 available to the Department, assume facts, calls for disclosure of attorney work product, or call for
28 disclosure of privileged information." *See* Ltr. Br. (dkt. 32-1) at 4; Ltr. Br. (dkt.33-1) at 4; Ltr. Br.

United States District Court
Northern District of California

1  (dkt. 34-1) at 4; Ltr. Br. (dkt. 35-1) at 4; and, Ltr. Br. (dkt. 36-1) at 4. However, in response to
2  Plaintiff's motions to compel, Defendants have abandoned all of those objections and, instead,
3  Defendants have presented another series of boilerplate objections that are non-specific,
4  undeveloped, and unsupported by argument. It should first be noted that each Defendant's 8-
5  sentence response to these motions to compel appears to be identical to the others. *See* Ltr. Br.
6  (dkt. 32-1) at 5; Ltr. Br. (dkt.33-1) at 5; Ltr. Br. (dkt. 34-1) at 5; Ltr. Br. (dkt. 35-1) at 5; and, Ltr.
7  Br. (dkt. 36-1) at 5. Without any explanation, details, argument, or citation to authority,
8  Defendants' responses to Plaintiff's motions to compel contend: (1) that some unspecified portion
9  of the discovery requests relate to evidence that is purportedly already known or knowable to
10 Plaintiff; (2) that because Defendants have been ordered to remediate the property, Plaintiff's
11 seeking of information and documentation regarding those efforts is (for some unexplained
12 reason) unnecessary; and, (3) that "Defendants are meeting with their accounting professionals in
13 order to supply [Plaintiff] with the available, relevant, personal financial documents, to the extent
14 they exist, pursuant to a protective order." *See id*.

15 It is well established that "[t]he Federal Rules of Civil Procedure strongly favor full
16 discovery whenever possible" (*Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th
17 Cir. 1985)), and, "[t]he party who resists discovery has the burden to show that discovery should
18 not be allowed, and has the burden of clarifying, explaining, and supporting its objections."
19 *DIRECTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002). Thus, in order to avoid discovery
20 in the motion to compel context, the resisting parties must assert their specific objections in
21 response to the request, and then reassert and argue them in response to a motion to compel
22 because "[i]t is well established that a failure to object to discovery requests within the time
23 required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*,
24 959 F.2d 1468, 1473 (9th Cir. 1992).

25 In evaluating a motion to compel, therefore, courts do not simply look to and rely on
26 objections raised only in the response to the original discovery request. *See Olmos v. Ryan*, No.
27 CV-17-3665-PHX-GMS (JFM), 2020 U.S. Dist. LEXIS 67701, at *4-5 (D. Ariz. Apr. 17, 2020).
28 Instead, "[w]hen ruling upon a motion to compel, the court generally considers those objections

3

1  which have been timely asserted and relied upon *in response to the motion* . . . [and] generally
2  deems objections initially raised but not relied upon in response to the motion as abandoned. It
3  deems objections not initially raised as waived." *Cotracom Commodity Trading Co. v. Seaboard*
4  *Corp.*, 189 F.R.D. 655, 662 (D. Kan. 1999) (emphasis supplied); *Hupp v. San Diego Cnty.*, 2014
5  U.S. Dist. LEXIS 52741, 2014 WL 1404510, at *7 (S.D. Cal. Apr. 10, 2014) (same); *Bryant v.*
6  *Armstrong*, 285 F.R.D. 596, 604 (S.D. Cal. 2012) (addressing only the objections raised in a
7  party's opposition to a motion to compel where the party raised multiple boilerplate objections in
8  its initial responses to discovery requests, but did not support or explain those objections in its
9  opposition to a motion to compel); *Dolquist v. Heartland Presbytery*, 221 F.R.D. 564, 568 n.16
10 (D. Kan. 2004) ("objections initially raised but not relied upon in response to a motion to compel
11 are deemed abandoned"); *In re Toys "R" Us-Del., Inc. Fair & Accurate Credit Transactions Act*
12 *(FACTA) Litig.*, 2010 U.S. Dist. LEXIS 130884, 2010 WL 4942645, at *3 (C.D. Cal. July 29,
13 2010) (same).
14      Further, it is equally well established that simply raising an issue in a brief – but failing to
15 develop it with supporting argument – is insufficient because issues raised in such an unsupported
16 and undeveloped fashion are likewise deemed to have been abandoned. *See e.g.*, *Leer v. Murphy*,
17 844 F.2d 628, 634 (9th Cir. 1988) (deeming abandoned all issues raised in a brief not supported by
18 argument); *Grewal v. Choudhury*, 377 F. App'x 617 (9th Cir. 2010) (undeveloped issue not
19 supported by argument is deemed abandoned); *Nguyen v. Nissan N. Am., Inc.*, 487 F. Supp. 3d
20 845, 857 (N.D. Cal. 2020) (issues raised in a brief which are not supported by argument are
21 deemed abandoned); *see also Williams v. Condensed Curriculum Int'l*, No. 20-cv-05292-YGR
22 (RMI), 2021 U.S. Dist. LEXIS 211782, at *10 (N.D. Cal. Nov. 2, 2021) ("[B]ecause Defendant
23 has given such short shrift to its assertion that a supposed lack of standing to bring a PAGA claim
24 justifies blocking discovery, the undersigned deems this issue as totally undeveloped and therefore
25 abandoned.").
26      In light of the above-described factual background and the pertinent regime of legal
27 authorities, the court makes the following findings. First, the court finds that Defendants have
28 abandoned all of the objections which they raised in boilerplate fashion in response to the

4

discovery requests but that were not presented and developed in response to Plaintiff's motions to compel. Second, the court finds that the few objections that Defendants did present in response to Plaintiff's motions are non-specific, lack any support or argument, and are totally undeveloped – compelling the conclusion that they too have been abandoned. Third, Defendants contend they are conferring with their accountant to provide documents and responses that would be "relevant," which the court construes as a request by each Defendant to keep a relevance objection in abeyance such as to be able to use those pocketed relevance objections in the future should Defendants wish to continue resisting this discovery, thereby potentially necessitating another round of motions to compel regarding these same RFPs and ROGs. That request is **DENIED**. If Defendants wished to challenge any of the RFPs or ROGs on relevance grounds, the time to present and argue that objection was now, and having failed to do so, any relevance objection as to these requests is likewise deemed to have been abandoned.[2] Fourth, if Defendant believes that a protective order is a necessary prerequisite to producing discovery, the Parties are directed to enter into such an order without further delay such that the litigation may move forward. In short, because Defendants have not raised and argued any meritorious objections in response to Plaintiff's Motions to Compel (dkts. 32, 33, 34, 35, & 36), those motions are all **GRANTED** and Defendants are **ORDERED** to produce all responsive discovery forthwith and without further objection.

      Lastly, regarding Plaintiff's undeveloped request "for an award of the Department's costs and fees" associated with filing these motions, that request is **DENIED without prejudice**. If Plaintiff wishes to pursue attorney's fees, it must do so through a properly noticed motion that complies with the relevant provisions of this Court's Local Rules (such as by providing detailed billing records for all of the time Plaintiffs' counsel have expended in this regard, documentation

---

[2] *See e.g.*, *Proofpoint, Inc. v. Vade Secure, Inc.*, No. 19-cv-04238-MMC (RMI), 2020 U.S. Dist. LEXIS 211706, at *14-15 (N.D. Cal. Nov. 11, 2020) ("[B]ecause Vade chose to only respond to Plaintiffs' motion to compel with arguments relying on the applicability of French law, while later adding the sufficiency of Plaintiffs' trade secret designation under California law, the court finds that Vade abandoned any other objections that it may have asserted in response to the discovery requests themselves but that were not mentioned, supported, or explained in its opposition to the motion to compel; and, as for any objections that were not even raised in response to the discovery requests in the first place, the court finds that those objections were waived.").

5

of the hourly rates applicable to the work performed, a justification of the reasonableness of those rates, and a justification of the reasonableness of the hours expended for each task).

**IT IS SO ORDERED.**

Dated: January 3, 2022

                                                                _____
                                                                ROBERT M. ILLMAN
                                                                United States Magistrate Judge