UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>Plaintiff,<br><br>v.<br><br>LISA MARIE ROSSI, et al.,<br><br>Defendants. | Case No. 20-cv-01049-VC   (RMI)<br><br>**ORDER RE: PLAINTIFF'S MOTION FOR ATTORNEY FEES**<br><br>Re: Dkt. No. 41 |

Now pending before the court is Plaintiff's Motion (dkt. 41) seeking attorney fees for having to file several (substantially similar) motions to compel evidence (*see* dkts. 32, 33, 34, 35, 36). The court found that Plaintiff's motions were well-taken and meritorious, and that Defendants' resistance to producing the information in question was premised on "boilerplate objections that are non-specific, undeveloped, and unsupported by argument." *See* Order of January 3, 2022 (dkt. 38) at 3.

Plaintiff now seeks $16,335 in attorney fees and expenses, based on an hourly rate of $220, and 74.25 hours of time expended by Plaintiff's counsel in reviewing Defendants' initial and amended discovery production, conducting legal research regarding motions to compel, coordinating with Defendants in pursuance of drafting and filing the letter briefs in question, and preparing the supporting documents and exhibits for the filings in question. *See* Pl.'s Mot. (dkt. 41) at 9-10. At oral argument, Defendants' counsel did not dispute the propriety of an attorney fee award, but suggested that the amount sought is excessive in light of the fact that the several motions to compel (dkts. 32, 33, 34, 35, 36) were substantially similar to one another.

District courts determine reasonable attorneys' fees according to the lodestar analysis,

1   which multiplies the number of hours reasonably expended on the matter by a reasonable hourly
2   rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *see also Jordan v. Multnomah Cty.*, 815
3   F.2d 1258, 1262 (9th Cir. 1987). A reasonable hourly rate is one that is "in line with those
4   prevailing in the community for similar services by lawyers of reasonably comparable skill,
5   experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The party seeking
6   the fee award has the burden of submitting satisfactory evidence that its requested rate is
7   reasonable. *Id*. Affidavits from the moving party's attorney and other attorneys regarding
8   prevailing rates in the community, and rate determinations from other cases, are satisfactory
9   evidence of a reasonable hourly rate. *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 947 (9th Cir.
10  2007); *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).
11  Once the moving party has shown that its requested rate is in line with those prevailing in the
12  community, the rate is presumptively reasonable but may be adjusted on the basis of evidence that
13  undermines its reasonableness. *Welch*, 480 F.3d at 947-48.
14          The court finds that the hourly rate which the Office of the Attorney General for the State
15  of California charges its client agencies for attorney services ($220 per hour) is lower than the
16  prevailing rates in the Northern District of California for attorneys of comparable experience and
17  credentials with those of Plaintiff's counsel. *See e.g.*, *Ho v. Pinsukanjana*, 2019 U.S. Dist. LEXIS
18  96296, 2019 WL 2413029, at *8 (N.D. Cal. May 15, 2019), *report and recommendation adopted*
19  *in part, rejected in part*, 2019 U.S. Dist. LEXIS 96274, 2019 WL 2410674 (N.D. Cal. June 7,
20  2019) (awarding attorneys' fees at rates of $285 and $600 per hour as discovery sanction and
21  citing cases from this district in which rates up to $495 for associates and $475-$975 for partners
22  have been found reasonable); *see also Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Local 595*,
23  No. C 11-1699 CW, 2013 U.S. Dist. LEXIS 73983, 2013 WL 2297037, at *4 (N.D. Cal. May 24,
24  2013) (approving hourly rates between $180 and $225 per hour for law clerks and paralegals
25  nearly 10 years ago). Accordingly, the court finds that Plaintiff's counsel's hourly rate – $220 per
26  hour – is eminently reasonable, if not an outright bargain.
27          As to the number of hours expended, Defendants contend that 50.75 hours to prepare five
28  nearly identical letter briefs, and 14.25 hours to prepare a motion to compel is unwarranted and

excessive. *See* Defs.' Opp. (dkt. 48) at 2-3. Without wading into the weeds,[1] the court sees some small measure of traction in Defendants' argument that the work involved with preparing and filing the letter briefs in question could have been completed in less time. Accordingly, to account for that possibility, the court will reduce the requested fee award by 5%, or $816.75. *See Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) ("[T]he district court can impose a small reduction, no greater than 10 percent – a 'haircut' – based on its exercise of discretion and without a more specific explanation."). Therefore, no later than two weeks from the date of this Order, Defendants are **ORDERED** to tender the sum of **$15,518.25** in attorney fees to Plaintiff.

    **IT IS SO ORDERED.**

Dated: April 28, 2022

ROBERT M. ILLMAN
United States Magistrate Judge

---

[1] Rather than tracking and charting each individual time entry, the court "may take into account [its] overall sense of [the] suit, and may use estimates in calculating and allocating an attorney's time." *Fox v. Vice*, 563 U.S. 826, 838 (2011) ("[T]rial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees . . . is to do rough justice, not to achieve auditing perfection."); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.*, 130 F. Supp. 3d 1331, 1335 (C.D. Cal. 2015) ("There is a growing trend that District Court judges should award fees based on an overall global understanding and review of a case, rather than on a tedious review of voluminous time entries and hourly rates.").