UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL, | Case No. 20-cv-01049-VC |
| Plaintiff, | |
| v. | **JUDGMENT FOR PERMANENT INJUNCTION, DECLARATORY RELIEF, MONETARY JUDGMENT, AND CIVIL PENALTIES** |
| LISA MARIE ROSSI, et al., | |
| Defendants. | Re: Dkt. No. 83 |

Having considered Plaintiff, the Department of Toxic Substances Control's ("Department"), Motion for Judgment on the Pleadings, the Parties' briefing, and oral argument presented to this Court, **JUDGMENT IS HEREBY ORDERED** as follows:

## I.     FINDINGS

The Department filed a complaint in this matter pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607 ("CERCLA"), seeking reimbursement of response costs incurred or to be incurred for response actions taken at or in connection with the release or threatened release of hazardous substances at, to, and from the "E-D Coat Site," defined in Section II, below, and declaratory relief under CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), for all future response costs incurred by the Department as a result of the release and threatened release of hazardous substances at and/or from the E-D Coat Site. The Department also brought supplemental claims under California law for preliminary and permanent injunctions, requesting that the Court order Defendants to take response actions to comply with the outstanding requirements of the First Amended Imminent

and/or Substantial Endangerment Determination and Order and Remedial Action Order ("First Amended I&SE Order") issued by the Department; for preliminary and permanent injunctions ordering certain Defendants to allow the Department access to the E-D Coat Site to observe and perform response actions, and not to interfere with response action(s) that the Department undertakes at the E-D Coat Site; and for civil penalties against certain Defendants for failure to comply with orders issued by the Department.

The Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. §§ 9607 and 9613(b), and supplemental jurisdiction over claims arising under California law pursuant to 28 U.S.C. § 1367(a).

On August 24, 2022, the Court found Defendants in contempt and determined that it would enter default judgment against the Defendants, as defined in Section II, below. ECF No. 77. The Court further found that it would need to adjudicate the terms of the injunction, as well as ascertain the amount of damages and fees to be awarded. *Id.* On September 28, 2022, the Court set a briefing and hearing schedule to adjudicate the remaining issues. ECF No. 80.

The Parties have submitted briefing on the remaining issues, namely, the terms of the permanent injunction, the amount of unreimbursed Past Response Costs the Department has incurred, the terms of the declaratory judgment, and the appropriate amount of civil penalties. On March 30, 2023, the Court heard oral argument regarding those issues.

This Judgment addresses the Defendants' liability in connection with the release and/or threatened release of hazardous substances at or from the E-D Coat Site under CERCLA § 107, 42 U.S.C. § 9607, and under California law, Cal. Health & Safety Code §§ 25358.3, 25359.2. The Judgment requires Defendants to reimburse the Department for Past Response Costs, as that term is defined in Section II, at the E-D Coat Site; declares the Defendants' liable for the Department's Future Response Costs, as that term is defined in Section II, at the E-D Coat Site; enjoins certain Defendants to perform work with respect to the E-D Coat Site; enjoins certain Defendants from interfering with the Department in overseeing or taking response actions associated with the E-D Coat Site; and requires certain Defendants to pay civil penalties.

As of February 6, 2023, the Department has incurred recoverable Past Response Costs of at least $801,719.58 in connection with the E-D Coat Site. These costs include the costs associated with Department Activities from April 24, 2017 through September 30, 2022 and DOJ Enforcement Costs, as that term is defined in Section II, from June 2, 2017 through December 31, 2022. The Defendants have not shown that these Past Response Costs were inconsistent with the National Contingency Plan, and so they are recoverable against Defendants pursuant to CERCLA § 107(a), 42 U.S.C. § 9607(a). *See California ex rel. California Dep't of Toxic Substances Control v. Neville Chemical Co.*, 358 F.3d 661, 673 (9th Cir. 2004).

The Department will incur Future Response Costs at the E-D Coat Site.

The injunctive terms set forth below are necessary to ensure that Defendants Lisa Maria Rossi, as an individual, Gerald F. Rossi, as an individual and as Trustee of the Rossi Family Trust II, as that term is defined in Section II, E-D Coat, Inc., and Patricia S. Rossi, as Trustee of the Rossi Family Trust II, as that term is defined in Section II, (1) comply with the First Amended I&SE Order, (2) provide the Department access to conduct, observe, and perform response action(s), and (3) do not impede, hinder, prevent, or otherwise interfere with response action(s) that the Department takes, if necessary, at the E-D Coat Site.

As further explained in the Order re Civil Penalties, civil penalties in the amount set forth below are warranted because Defendants' Lisa Maria Rossi, as an individual, Gerald F. Rossi, as an individual and as Trustee of the Rossi Family Trust II, E-D Coat, Inc., and Patricia S. Rossi, as Trustee of the Rossi Family Trust II, failure to comply with the Department's Imminent and/or Substantial Endangerment Determination and Order and Remedial Action Order ("I&SE") Order and First Amended I&SE Order has been knowing, chronic, and willful, and presents the potential for major harm. Moreover, substantial penalties are warranted to deter similar behavior by similarly situated parties.

**NOW THEREFORE, it is ORDERED, ADJUDGED, and DECREED, as follows:**

**II.    DEFINITIONS**

Unless otherwise expressly provided herein, terms used in this Judgment or exhibits hereto that are defined in CERCLA or California State law and in regulations promulgated under CERCLA or California State law shall have the meaning assigned to them in those laws and regulations. Whenever terms listed below are used in this Judgment or exhibits hereto, the following definitions shall apply:

A      "Day" means a calendar day. In computing any period of time under this Judgment, where the last day would fall on a Saturday, Sunday, or federal or California holiday, the period shall run until close of business of the next working day.

B.      "Defendants" means Lisa Marie Rossi (an individual), Gerald F. Rossi (an individual, a trustee of the Rossi Family Trust established March 15, 1989, and a Trustee of the Rossi Family Trust established July 10, 2003), Lee Doslak Florance (a trustee of the Rossi Family Trust established March 15, 1989), Patricia S. Rossi (a trustee of the Rossi Family Trust established on July 10, 2003), and E-D Coat, Inc. (a California corporation).

C.      "Defendant E-D Coat, Inc." shall include E-D Coat, Inc.; ED Coat Inc; E-D Coat Inc; E-D Coat, Inc; E-D Coat Inc.; E-D Coat; E-D Co; E-D Coats and any other aliases for Defendant E-D Coat, Inc.

D.      "Defendant Gerald F. Rossi, as an individual," shall include Gerald F. Rossi, Gerald Frank Rossi; Jerry Rossi; Jerry Frank Rossi; Gerald Rossi; Jerry Rossi; Jerry F. Rossi; and Gerald Rossi and any other aliases for Gerald F. Rossi, as an individual.

E.      "Defendant Lisa Marie Rossi" shall include Lia Marie Rossi, Lisa M. Rossi, Elizabeth Marie Rossi; L Rossi; L M Rossi; Elisabeth M Rossi; Lisa Rossi and any other aliases for Defendant Lisa Marie Rossi.

F.      "Deliverables" means all plans, schedules, reports, specifications and other documents that a Defendant or Defendants are required to submit to the Department.

G.      "Department Activities" means all response actions taken that are not DOJ Enforcement Costs.

4

H.      "DOJ Enforcement Costs" means costs the Department has incurred for DOJ representation in relation to this cost recovery action from June 2017 through December 31, 2022.

I.       "E-D Coat Site" means real properties located in Oakland, Alameda County, California with the street addresses of: 715, 716, 721, 725, 726, 732 and 734 4th Street; 714 and 718 3rd Street; property identified as 3rd Street with no street number; 703, 707, 713, and 715 5th Street; property identified as 5th Street with no street number; 410, 414 and 418 Brush Street; properties identified as Brush Street with no street number; and 407 and 411 Castro Street. These properties collectively consist of approximately 1.6 acres and are identified by current Alameda County Assessor's Parcel numbers ("APNs") 1-115-5, 1-115-12, 1-115-13-2, 1-115-13-9, 1-115-17-1, 1-115-18-2, 1-115-21, 1-115-22, 1-115-23, 1-115-24, 1-115-26, 1-115-28, 1-115-29, 1-115-34, 1-115-35, and 1-115-36. The E-D Coat Site includes these properties and the areal extent of hazardous substance contamination to soil and groundwater under and from these properties that resulted from activities on the properties.

J.       "Effective Date" means the date upon which this Judgment is entered pursuant to Fed. R. Civ. P. 58(c).

K.      "First Amended Complaint" means the First Amended Complaint for Recovery of Response Costs; Declaratory Relief; Preliminary and Permanent Injunctions and Other Equitable Relief; and Civil Penalties, filed on May 11, 2022 (ECF No. 59).

L.      "First Amended I&SE Order" means the order issued by the Department on or about April 5, 2019, that was a first amendment to the I&SE Order. A true and correct copy of the First Amended I&SE Order was attached as Exhibit D to the First Amended Complaint in this action (ECF No. 59).

M.      "Future Response Costs" means Response Costs incurred by Department after September 30, 2022, and any DOJ Enforcement Costs incurred by the Department after December 31, 2022.

N.     "Hazardous Material" shall have the same meaning as the term is used in California Health & Safety Code § 25260(d).

O.     "Hazardous Substance" shall have the same meaning as the term is used in Cal. Health & Safety Code § 25316.

P.     "I&SE Order" means the order entitled "Imminent and/or Substantial Endangerment Determination and Order and Remedial Action Order," Docket No. HSA FY 16/17 – 107 issued by the Department on April 24, 2017. A true and correct copy of the I&SE Order was attached as Exhibit B to the First Amended Complaint in this action (ECF No. 59).

Q.     "Judgment" means this Judgment and all exhibits attached hereto. In the event of any conflict between this Judgment and any exhibit, the Judgment shall control.

R.     "Land Use Covenant" means a deed restriction or land use restriction made by the owner of land to do or refrain from doing some act on the land as required by Cal. Code Regs., tit. 22, § 67391.1.

S.     "National Contingency Plan" or "NCP" means the National Oil and Hazardous Substances Pollution Contingency Plan promulgated pursuant to CERCLA § 105, 42 U.S.C. § 9605, codified at 40 C.F.R. pt. 300, and any amendments thereto.

T.     "Parties" means collectively Defendants, as that term is defined in Section II, and Plaintiff, California Department of Toxic Substances Control.

U.     "Past Response Costs" means Response Costs incurred by the Department for Department Activities from April 24, 2017 through September 30, 2022 and the DOJ Enforcement Costs it has incurred for DOJ representation in relation to this cost recovery action from June 2, 2017 through December 31, 2022.

V.     "Person" shall have the same meaning as defined in CERCLA § 101(21), 42 U.S.C. § 9601(21) and includes, but is not limited to, an individual, trust, firm, joint stock company, business concern, and corporation.

W.     "Records" means reports, documents, data, and other information in hard copy and electronic form. Records, include but are not limited to, sampling, analysis, chain of custody

documents, manifests, trucking logs, receipts, reports, correspondence, or other documents or information regarding the E-D Coat Site.

X.     "Remove" or "Removal" shall have the same meaning as the term is defined in Cal. Health & Safety Code § 25323.

Y.     "Response Costs" means and includes all costs of "removal," "remedial action," or "response" (as those terms are defined in CERCLA § 101, 42 U.S.C. § 9601), incurred or to be incurred by the Department in response to the release or threatened release of Hazardous Substances at, in, or from the E-D Coat Site. Said term shall include, but not be limited to direct labor costs; contractor, consultant, and expert costs; travel and any other out-of-pocket expenses; the costs of identifying, developing evidence against, and pursuing claims against persons or entities liable for the release or threatened release of Hazardous Substances at, in, or from the E-D Coat Site; indirect costs; oversight costs; applicable interest charges; enforcement costs; and attorneys' fees.

Z.     "Scope of Work" means the response actions that Defendants are required to take in compliance with Exhibit A attached hereto and incorporated by reference.

AA.     "The Rossi Family Trust I" shall include the Rossi Family Trust established March 15, 1989 and any other aliases for the Rossi Family Trust I.

BB.     "The Rossi Family Trust II," shall include The Rossi Family Trust established on June 10, 2003, The Rossi Family Trust established on July 10, 2003, and any other aliases for the Rossi Family Trust II.

CC.     "The Rossi Family Trust established on June 10, 2003" shall include The Rossi Family Trust established on July 10, 2003, and any other aliases for the Rossi Family Trust II.

## III.   PARTIES BOUND

This Judgment is binding upon the Parties, the Parties' officers, agents, servants, employees, and attorneys, or anyone who is in active concert or participation with the Parties or the Parties' officers, agents, servants, employees, and attorneys.

## IV.   MONETARY JUDGMENT FOR PAST RESPONSE COSTS

**A.     Amount of Past Response Costs.** The Court FINDS that Defendants are jointly and severally liable for Past Response Costs in the total amount of $801,719.58. Judgment in the amount of $801,719.58 is entered in favor of the Department, against Defendants, jointly and severally, as Past Response Costs.

**B.     Payment Deadline.** IT IS ORDERED that within thirty (30) Days after the Effective Date, Defendants shall pay to the Department $801,719.58.

**C.     Method of Payment.** IT IS ORDERED that Defendants shall pay $801,719.58 by cashier's check made payable to "California Department of Toxic Substances Control" and bearing the notation of "DTSC v. Rossi, et. al., 3:20-cv-01049-VC – Past Response Costs," and shall send any check to:

> Cashier
> Accounting Office, MS-21A
> Department of Toxic Substances Control
> P.O. Box 806
> Sacramento, CA 95812-0806

The Department will provide payment instructions to Defendants for electronic transfer of funds to the Department if Defendants request this payment alternative in lieu of payment by a cashier's check within fifteen (15) Days after the Effective Date. Defendants must complete the electronic transfer of $801,719.58 within fifteen (15) Days after the Department provides the Defendants with electronic payment instructions.

**D.     Notice of Payment**. IT IS ORDERED that, at the time of payment, Defendants shall send notice that payment has been made to the Department's representatives identified in Section XI.C. Such notice shall include the following reference "DTSC v. Rossi, et. al., 3:20-cv-01049-VC; E-D Coat Site code nos. 202138 SM and 202249 SM."

**V.     FUTURE RESPONSE COSTS**

Pursuant to CERCLA § 113(g)(2), 42 U.S.C. § 9613(g)(2), the Court DECLARES that the Defendants, and each of them, are a responsible or liable party for the purposes of CERCLA §

107(a), 42 U.S.C § 9607(a), and are jointly and severally liable, without regard to fault, for any Future Response Costs incurred by the Department arising from or related to the E-D Coat Site.

**A.      Quarterly Billing for Future Response Costs.** The Department is ORDERED within thirty (30) Days of the Effective Date to provide quarterly bills to Defendants for the Future Response Costs incurred for a specified period of time. If Defendant(s) dispute a Department bill for Future Response Costs, or any part thereof, Defendant(s) shall follow the dispute process set forth in the invoice for the Future Response Costs.

**B.      Payment of Future Response Costs.** Unless challenged by Defendants, Defendants shall pay the Future Response Costs, as billed by the Department, by cashier's check or electronic fund transfer within thirty (30) Days after receipt of the bill.

**C.      Notice of Payment of Future Response Costs**. IT IS ORDERED that, at the time of payment, Defendants shall send notice that payment has been made to the Department's representatives identified in Section XI.C. Such notice shall include the following reference "DTSC v. Rossi, et. al., 3:20-cv-01049-VC; E-D Coat Site code no. 202249 SM – Future Response Costs."

## VI.   PERMANENT INJUNCTION REQUIRING COMPLIANCE WITH THE AMENDED IS&E ORDER

IT IS FURTHER ORDERED that Defendants E-D Coat, Inc.; Lisa Marie Rossi; Gerald F. Rossi, as an individual; Gerald F. Rossi, as an individual and Trustee of the Rossi Family Trust II; and Patricia Rossi, as Trustee of Rossi Family Trust II, are required to undertake the following actions to comply with the requirements of the First Amended I&SE Order:

**A.      Performance of Response Actions.** Defendants shall implement the response actions identified in the Scope of Work, which is attached as Exhibit A and incorporated by reference. All response actions identified in the Scope of Work must be completed in accordance with the requirements set forth in this Judgment and Scope of Work.

**B.      Consistency with Statutory Requirements.** All response actions taken pursuant to this Judgment shall be consistent with the requirements of Chapter 6.8 (commencing with section

25300), Division 20 of the Cal. Health & Safety Code and any other applicable state or federal statutes and regulations.

      **C.**      **Project Coordinator.** Within ten (10) Days from the Effective Date, Defendants shall submit to the Department in writing the name, address, and telephone number of a Project Coordinator whose responsibilities will be to receive all notices, comments, approvals, and other communications from the Department.

      Defendants shall notify the Department of any change in the identity of the Project Coordinator within ten (10) Days of the change. Defendants shall obtain approval from the Department before the new Project Coordinator performs any response actions identified in the Scope of Work.

      **D.**      **Project Engineer/Geologist.** The work performed pursuant to this Judgment shall be under the direction and supervision of a qualified professional engineer or a registered geologist that is licensed in the State of California, with expertise in Hazardous Substance site cleanups. Within fifteen (15) Days from the Effective Date, Defendants must submit the following: (a) the name and address of the project engineer or geologist chosen by Defendants; (b) the résumé of the engineer or geologist; and (c) the statement of qualifications of the consulting firm that employs the engineer or geologist responsible for the work.

      Defendants shall notify the Department of any change in the identity of the Project Engineer/Geologist within ten (10) Days of that change. Defendants shall obtain approval from the Department before the new Project Engineer/Geologist performs any response actions identified in the Scope of Work.

      **E.**      **Notice of Judgment.** Defendants shall provide a copy of this Judgment to all contractors, subcontractors, laboratories, and consultants which are retained to conduct any work performed under this Judgment, within fifteen (15) Days after the Effective Date or the date of retaining their services, whichever is later. Defendants shall condition any such contracts upon satisfactory compliance with this Judgment. Notwithstanding the terms of any contract, Defendants are responsible for compliance with this Judgment and for ensuring that their

employees, contractors, consultants, subcontractors, agents, and attorneys comply with this Judgment.

     **F.**     **Monthly Summary Reports**. Within thirty (30) Days from the Effective Date, and on a monthly basis thereafter, Defendants shall submit a Monthly Summary Report of their activities under the provisions of this Judgment. The report shall be filed with the Court and served on the Department by the fifteenth (15th) Day of each month. The report shall describe:

     (a)  Specific actions taken by or on behalf of Defendants during the previous calendar month;

     (b)  Actions expected to be undertaken during the current calendar month;

     (c)  All planned activities for the next month;

     (d)  Any requirements under this Judgment that were not completed;

     (e)  Any problems or anticipated problems in complying with this Judgment; and

     (f)  All results of sample analyses, tests, and other data generated under this Judgment during the previous calendar month, and any significant findings from these data.

     **G.**     **Quality Assurance/Quality Control ("QA/QC")**. All sampling and analysis conducted by Defendants under this Judgment shall be performed in accordance with QA/QC procedures submitted by Defendants and approved by the Department pursuant to this Judgment.

     **H.**     **Format for Deliverables**. All Deliverables shall be provided to the Department in one hard (paper) copy and one electronic copy on a compact disc in searchable portable document format (PDF). The electronic copy should be sent to the Department's representatives listed in Section XI, Paragraph C of this judgment. The hard copy should be mailed or delivered to the Department at the following address:

Attn: Branch Chief, Site Mitigation and Restoration Program
Department of Toxic Substances Control
Subject: E-D Coat Site
700 Heinz Ave, Suite 200
Berkeley, CA 94710

11

I.     **Department Review and Approval**. All response actions taken pursuant to this Judgment shall be subject to the approval of the Department. Defendants shall submit all Deliverables required by this Judgment to the Department. Once the Deliverables are approved by the Department, they shall be deemed incorporated into, and enforceable under this Judgment.

If the Department determines that any report, plan, schedule, or other document submitted for approval pursuant to this Judgment fails to comply with this Judgment or fails to protect public health or safety or the environment, the Department may: (1) modify the document as deemed necessary and approve the document as modified; or (2) return comments to Defendants with recommended changes and a date by which Defendants must submit to the Department a revised document incorporating the recommended changes. Any disapproval or modification by the Department of a Deliverable is subject to the dispute resolution procedures in Section VIII.A.2.

Any modifications, comments or other directives issued pursuant to the above paragraph are incorporated into this Judgment. Any noncompliance with these modifications or directives shall be deemed a failure or refusal to comply with this Judgment.

J.     **Extension Requests**. If Defendants are unable to perform any activity or submit any document within the time required under this Judgment, Defendants may request an extension of the time in writing. The extension request shall include a justification for the delay. All such requests shall be in advance of the date on which the activity or document is due.

K.     **Extension Approvals**. If the Department determines that good cause exists for an extension as determined by the Department, it will grant the request and specify a new schedule in writing. Any extension is incorporated in this Judgment upon the Department's approval. Defendants shall comply with the new schedule incorporated in this Judgment.

L.     **Necessity for Written Approvals.** All approvals and decisions by the Department made regarding any response action, proposed response action, or any other activity pursuant to this Judgment that requires the Department's approval, must be in writing. No oral advice, guidance, suggestions or comments by employees or officials of the Department regarding

matters covered in this Judgment shall be construed to relieve any Defendant of its obligations under this Judgment.

**M.    Incorporation of Deliverables**. All Deliverables that are submitted by Defendants pursuant to this Judgment are incorporated in this Judgment upon the Department's approval or as modified pursuant to Section VI.I., and shall be implemented by Defendants. Any noncompliance with the documents incorporated in this Judgment shall be deemed a failure or refusal to comply with this Judgment.

**N.    Permission to Inspect and Copy Records.** Defendants shall permit the Department and its authorized agents to inspect and copy all Records generated by, on behalf of, or in coordination with Defendants that in any way pertain to the investigation and remediation of the E-D Coat Site. Defendants shall maintain and preserve all such Records for a minimum of ten (10) years after the conclusion of all activities under this Judgment.

**O.    Notification Prior to Destruction of Records.** At the conclusion of the Record retention period set forth in Section VI.N., Defendants shall notify the Department at least six (6) months prior to the destruction of any Record, and upon request by the Department, Defendant shall deliver any such Record to the Department.

**P.    Sampling Notification**. Defendants shall inform the Department at least seven (7) Days in advance of all field sampling under this Judgment and shall allow the Department and its authorized representatives to take duplicates of any samples collected by Defendants pursuant to this Judgment.

**Q.    Repository of Information.** Defendants shall maintain a central repository of the data, reports, and other documents prepared pursuant to this Judgment.

**VII.  PERMANENT INJUNCTION REQUIRING ACCESS TO THE E-D COAT SITE AND COOPERATING WITH THE DEPARTMENT**

IT IS FURTHER ORDERED that Defendants E-D Coat, Inc.; Lisa Marie Rossi; Gerald F. Rossi, as an individual and as Trustee of the Rossi Family Trust II; and Patricia F. Rossi, as Trustee of the Rossi Family Trust II, are required to take the following actions in order to

provide the Department access to conduct, observe, and perform response actions at the E-D Coat Site, and to refrain from taking the following actions in order to not impede, hinder, prevent, or otherwise interfere with response actions that the Department takes at the E-D Coat Site.

      **A.**    **Access to the E-D Coat Site Owned by Defendants.** The Defendants who own the E-D Coat Site, with respect to any portion of the E-D Coat Site that they own ("Affected Parcel"), shall take or refrain from taking the following actions:

      **1.**    **Access Related to Response Actions.** Defendants shall provide the Department and any employees, contractor, representative, and consultants (collectively, "authorized agents") of the Department with physical access to the E-D Coat Site at all reasonable times. The Department and its authorized agents shall have the authority to enter and move freely about all property at the E-D Coat Site at all reasonable times for purposes including, but not limited to: inspecting records, operating logs, sampling and analytic data, and contracts relating to the E-D Coat Site; reviewing the progress of Defendants in carrying out the terms of the Judgment; conducting such tests as the Department may deem necessary; and verifying the data submitted to the Department by Defendants. Nothing in this Section is intended or shall be construed to limit in any way the right of entry or inspection that the Department or any other agency may otherwise have by operation of any law.

      **2.**    **Institutional Controls.** If the Department determines in a decision document prepared in accordance with the National Contingency Plan that institutional controls in the form of state or local laws, regulations, ordinances, zoning restrictions, or other governmental controls or notices are needed regarding the E-D Coat Site, the Defendants who own any portion of the E-D Coat Site shall cooperate with the Department's efforts to secure and ensure compliance with such institutional controls. If the Department determines that an affected parcel requires a Land Use Covenant, the Defendants who own any portion of the affected parcel that requires a Land Use Covenant, shall promptly execute and record the Land Use Covenant restricting the use of the affected parcel. Defendants and all subsequent owners of the affected parcel must comply

with the Land Use Covenant during their respective periods of ownership as required under California law.

        **3.**     **<u>Sale of Any Affected Parcel</u>.** If Defendants intend to sell any Affected Parcel while the performance of response actions required by this Judgment are ongoing, the Defendants shall notify the Department at least sixty (60) Days before such a sale is complete.

        **4.**     **<u>Access to Information</u>.** Defendants shall provide to the Department, upon request, copies of all Records within their possession or control or that of their contractors or agents relating to Defendants activities at the E-D Coat Site and relating to their compliance with implementation of the Judgment, including but not limited to, sampling, analysis, chain of custody documents, manifests, trucking logs, receipts, reports, correspondence, or other documents or information regarding the E-D Coat Site.

        **B.**     **Portions of the E-D Coat Site Owned or Controlled by Others.** To the extent the E-D Coat Site or any other property to which access is required for the implementation of this Judgment is owned or controlled by persons other than Defendants, Defendants shall use best efforts to secure from such persons access for Defendants, as well as the Department and its authorized agents, as necessary to effectuate this Judgment. To the extent that any portion of the E-D Coat Site or any other property to which access is required for the implementation of this Judgment is controlled by tenants of Defendants, Defendants shall use best efforts to secure from such tenants access for Defendants, as well as the Department and its authorized agents, as necessary to effectuate this Judgment.

For the purposes of this Judgment, "best efforts" includes the payment of reasonable sums of money in consideration of access. If any access required to complete the response actions required by this Judgment is not obtained within forty-five (45) Days of the Effective Date of this Judgment, or with forty-five (45) Days of the date the Department notified Defendants in writing that additional access beyond that previously secured is necessary, Defendants shall promptly notify the Department, and shall include in the notification a summary of the steps the Defendants have taken to attempt to obtain access.

**VIII. DISPUTE RESOLUTION**

The Parties are ORDERED to use their best efforts to resolve all disputes without formal dispute resolution before the Court. The Parties are ORDERED to use the procedures contained in this Section for resolving disputes arising under this Judgment before resorting to the Court.

      **A.**      **Internal Department Review of Disputes**

      **1.**      **Disputes Regarding Billings.** If Defendant(s) dispute a Department bill for Future Response Costs, or any part thereof, Defendant(s) shall follow the dispute process set forth in the invoice for the Future Response Costs.

      **2.**      **Judgment Deliverables: Work Disputes.** Defendant(s) shall notify the Department's party representatives, set forth in Section XI.C. of this Judgment, of any work dispute related to a Department decision about a Deliverable identified in the Judgment that requires the Department's approval, within ten (10) business days after the dispute arises and attempt to informally resolve the dispute with the Department's representatives. If the issue is not resolved after review by the Department's representatives, Defendant(s) shall initiate the formal resolution process with the Branch Chief, Site Mitigation and Restoration Program ("Branch Chief"). If the dispute is related to a decision by the Branch Chief, then the Defendants shall initiate the formal resolution process with the Northern California Division Chief, Site Mitigation and Restoration ("Division Chief"). Within 20 business Days after the dispute arises, Defendants shall initiate the formal resolution process by submitting a written request for resolution to the Branch Chief (or the Division Chief), setting forth the issues in dispute, the legal or other basis for Defendants' position, and the remedy sought. The written request shall be sent to:

> Branch Chief or Division Chief
> Site Mitigation and Restoration Project
> Department of Toxic Substances Control
> Subject: E-D Coat Site
> 700 Heinz Avenue, Suite 200
> Berkeley, California 94710

The Branch Chief (or the Division Chief) shall issue a written decision with an explanation for the decision. The decision of the Branch Chief (or Division Chief), or the designee, shall constitute the Department's final administrative decision on the matters in dispute.

> ### B.    Defendants' Work Obligations During and After Dispute Resolution

Notwithstanding the invocation of the dispute procedures stated in this Section, Defendants shall continue to perform its obligations under this Judgment. Defendants and the Department shall promptly comply with any order of this Court resolving the Dispute.

## IX.    MONETARY JUDGEMENT FOR CIVIL PENALTY

> ### A.    Civil Penalty Amount.

For the reasons explained in the Court's Order re Civil Penalties, the Court imposes the following civil penalties:

The Court FINDS that Defendant E-D Coat, Inc. is liable for civil penalties in the total amount of $2,057,000.

The Court FINDS that Defendant Lisa Marie Rossi is liable for civil penalties in the total amount of $2,057,000.

The Court FINDS that Defendant Gerald F. Rossi, as an individual, is liable for civil penalties in the total amount of $2,057,000.

The Court FINDS that Defendant Gerald F. Rossi, as Trustee for the Rossi Family Trust II is liable for civil penalties in the total amount of $1,267,000.

The Court FINDS that Defendant Patricia Rossi, as Trustee for the Rossi Family Trust II is liable for civil penalties in the total amount of $1,267,000.

> ### B.    Payment Deadline. IT IS ORDERED that Defendants E-D Coat, Inc.; Lisa Marie

Rossi; Gerald F. Rossi, as an individual and Trustee for the Rossi Family Trust II; and Patricia Rossi, as Trustee for the Rossi Family Trust II, shall pay their respective civil penalties, as set forth in Paragraph IX.A, to the Department within thirty (90) Days after the Effective Date.

C.     **Method of Payment.** IT IS ORDERED that Defendants E-D Coat, Inc.; Lisa Marie Rossi; Gerald F. Rossi, as an individual and Trustee for the Rossi Family Trust II; and Patricia Rossi, as trustee for the Rossi Family Trust II shall pay their respective civil penalties, as set forth in Section IX.A, by cashier's check made payable to "California Department of Toxic Substances Control" and bearing the notation of "DTSC v. Rossi, et. al., 3:20-cv-01049-VC – Civil Penalty E-D Coat,, and shall send any check to:

> Cashier
> Accounting Office, MS-21A
> Department of Toxic Substances Control
> P.O. Box 806
> Sacramento, CA 95812-0806

The Department will provide payment instructions to Defendants E-D Coat, Inc.; Lisa Marie Rossi; Gerald F. Rossi, as an individual and Trustee for the Rossi Family Trust II; and Patricia Rossi, as a Trustee for the Rossi Family Trust II for electronic transfer of funds to the Department, if so requested, in lieu of payment by a cashier's check within fifteen (15) Days after the Effective Date. Any such Defendant must complete their electronic transfer of civil penalties within fifteen (15) Days after the Department provides that Defendant with electronic payment instructions.

D.     **Notice of Payment**. IT IS ORDERED that, at the time of payment, Defendants E-D Coat, Inc.; Lisa Marie Rossi; Gerald F. Rossi, as an Individual and Trustee for the Rossi Family Trust II; and Patricia Rossi, as Trustee for the Rossi Family Trust II shall send notice that payment has been made to the Department's representatives identified in Section XI.C. Such notice shall include the following reference "DTSC v. Rossi, et. al., 3:20-cv-01049-VC; E-D Coat Site code nos. 202138 SM and 202249 SM – Civil Penalties."

**X.     ENFORCEMENT OF DEFENDANTS' OBLIGATIONS**

A.     **Interest on Late Payments.** If Defendants fail to make any payment under Sections IV and IX by the required due date, interest shall continue to accrue on the unpaid balance through the date of payment pursuant to Cal. Civ. Proc. § 685.010.

**B.     Potential Contempt Sanctions.** Defendants are forewarned that if Defendants fail to pay the amounts due to the Department under Sections IV and IX, or comply with any other term of this Judgment, the Court may find the Defendants in contempt of court and impose sanctions.

## XI.   ADDITIONAL GENERAL PROVISIONS

**A.     Modification.** The terms of this Judgment may be modified by a subsequent written stipulation signed by appropriate representatives of the Parties and filed with the Court. However, no such modification shall take effect until it is approved by the Court. The Parties can also file a Noticed Motion with the Court to modify the terms of the Judgment. Nothing in this Judgment shall be deemed to alter the Court's power to enforce, supervise, or approve modifications to this Judgment.

**B.     Recording.** After this Judgment has been entered by the Court, the Department shall record a copy of this Judgment, including any exhibits hereto, with the Alameda County Recorder with respect to each parcel constituting the E-D Coat Site, solely for the purpose of informing future purchasers of the E-D Coat Site, or of any portion of the E-D Coat Site, of the obligations that are provided by this Judgment. The Parties shall cooperate and provide assistance in taking the steps necessary to achieve the recording of this Judgment.

**C.     Notice.** Notification to or communication among the Parties as required or provided for in this Judgment shall be addressed as follows:

**For the Department:**

Julie C. Pettijohn
Branch Chief,
Site Mitigation and Restoration Division, Berkeley Branch
Department of Toxic Substances Control
700 Heinz Avenue
Berkeley, CA 94710
Julie.Pettijohn@dtsc.ca.gov

Jovanne Villamater
Project Manager
Site Mitigation and Restoration Division, Berkeley Branch
Department of Toxic Substances Control
700 Heinz Avenue

Berkeley, CA 94710
Jovanne.Villamater@dtsc.ca.gov

Brooke O'Hanley Selzer
Senior Attorney
Office of Legal Counsel
Department of Toxic Substances Control
700 Heinz Avenue
Berkeley, CA 94710
Brooke.Selzer@dtsc.ca.gov

Jordan Gaskins
Attorney III
Office of Legal Counsel
Department of Toxic Substances Control
9211 Oakdale Avenue
Chatsworth, CA 91311
jordan.gaskins@dtsc.ca.gov

Taylor Wetzel
Deputy Attorney General
Office of the California Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
taylor.wetzel@doj.ca.gov

**For the Defendants:**

The identified Project Coordinator, identified in accordance with Section VI.C.

Georges Haddad
Member
Clark Hill LLP
505 Montgomery Street, 13th Floor
San Francisco, CA 94111
ghaddad@clarkhill.com

Any Party may change one or more of the persons to receive notice by informing the other Party and the Court in writing, but no change is effective until it is received. All notices and other communications required or permitted under this Judgment that are properly addressed as provided in this section are effective upon delivery if delivered personally, by email, or by overnight mail, or are effective seven (7) Days following deposit in the United States mail, postage prepaid, if delivered by mail.

**D.     Effect of Order on First Amended I&SE Order.** Upon the Effective Date, the Defendants' obligations to the Department under the First Amended I&SE Order and the requirements of the First Amended I&SE Order as to the Defendants shall be superseded.

**E.     Retention of Jurisdiction.** The Court retains jurisdiction to enforce the terms of this Judgment, to resolve any disputes arising under this Judgment, and to modify the terms of this Judgment.

**IT IS SO ORDERED.**

Dated: April 24, 2023

VINCE CHHABRIA
United States District Judge