UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEPARTMENT OF TOXIC SUBSTANCES CONTROL,<br><br>  Plaintiff,<br><br>  v.<br><br>LISA MARIE ROSSI, et al.,<br><br>  Defendants. | Case No. 20-cv-01049-VC<br><br>**ORDER RE CIVIL PENALTIES**<br>Re: Dkt. No. 83 |

    This Order further explains the civil penalties imposed in the Judgment.

    Any person who does not comply with an I&SE Order "without sufficient cause shall be subject to a civil penalty of not more than twenty-five thousand dollars ($25,000) for each day of noncompliance." Cal. Health & Safety Code § 25359.2. Section 25359.2 does not provide courts with guidance for determining the amount of penalties in a civil case, but by analogy section 25359.3(b) provides the factors that an administrative law judge should consider when imposing administrative penalties: (1) the nature, circumstances, extent, and gravity of the violation; (2) the violator's past and present efforts to prevent, abate, or cleanup conditions posing a threat to the public health, safety, or the environment; (3) the violator's ability to pay the proposed penalty; and (4) the prophylactic effect that imposition of the proposed penalty will have on both the violator and on the regulated community as a whole.

    It is undisputed that Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat did not comply with the I&SE Order and the First Amended I&SE Order for a total of 2,057 days.[1] Patricia

---

[1] This includes the conduct up to the day the motion for judgment was filed. It does not include

Rossi, as trustee of Rossi Family Trust II, and Gerald F. Rossi, as trustee of Rossi Family Trust II, did not comply with the First Amended I&SE for 1,267 days. The Department asks for the maximum penalties allowed by statute: $51,425,000 for each of the first three defendants, and $31,675,000 for the remaining two.

The defendants argue that no penalty is warranted for three reasons. First, they say they were unable to comply with the Department's Orders because of a lack of funding. That argument barely deserves a response. The Department has a process by which violators can offer documentation of their inability to pay for cleanup. If the Department determines that the violator is unable to pay, it will settle with the violator and resolve their liability. None of the defendants in this case ever made a formal claim based on inability to pay. Moreover, the defendants have steadfastly refused to provide any documentation of their supposed financial duress at all. The Court entered default judgment against them in part because they refused to produce their financial documents. *See* Dkt. No. 76. And in response to the motion for judgment, the defendants once again failed to substantiate these claims—contrary to their assertions, the documents attached to their opposition show that they could have obtained a loan even after the property was sold in the tax sale. The defendants' assertions that they are unable to pay are, to put it mildly, not credible.

The defendants next argue that a penalty is not warranted because they made efforts to comply with the I&SE Orders. Those "efforts" were clearly insufficient. For instance, the defendants submitted an Inventory and Removal Workplan with material omissions and significant inaccuracies. Although the defendants apparently hired a number of contractors, many of those contractors did no work on the site at all. And many of the defendants' efforts to comply came after the Department sent multiple notices of noncompliance.

Finally, the defendants argue that they could not have complied with the Department's Orders after the E-D Coat Site was sold in the tax sale. But the defendants have not provided any

---

any noncompliance after that date.

evidence suggesting that they lost access to the property after the tax sale. And even if they had, the Department's Orders required the defendants to use "best efforts" to secure access to the site.

It is clear that the defendants willfully and in bad faith failed to comply with the Department's Orders, and they have failed to offer any meaningful mitigating evidence. But, based on this record, the Department has not shown that upwards of $200 million in penalties is justified. Considering the factors above, the Court imposes a penalty of $1,000 per day of noncompliance. That means Lisa Marie Rossi, Gerald F. Rossi, and E-D Coat must pay $2,057,000, and Patricia Rossi, as trustee of Rossi Family Trust II, and Gerald F. Rossi, as trustee of Rossi Family Trust II, must pay $1,267,000. If the defendants do not begin cooperating with the Department in earnest, the next set of penalties will be far worse.

**IT IS SO ORDERED.**

Dated: April 24, 2023

VINCE CHHABRIA
United States District Judge