United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEPARTMENT OF TOXIC SUBSTANCES CONTROL,

Plaintiff,

v.

LISA MARIE ROSSI, et al.,

Defendants.

Case No. 20-cv-01049-VC (TSH)

**ORDER RE: PLAINTIFF'S MOTION TO ALLOW ALTERNATIVE SERVICE METHOD TO SERVE JUDGMENT DEBTOR THE ORDER TO APPEAR FOR EXAMINATION**

Re: Dkt. No. 112

## I. INTRODUCTION

Plaintiff Department of Toxic Substances Control ("DTSC") obtained a money judgment against Defendant Gerald F. Rossi as an individual. ECF Nos. 93, 94. The Court granted DTSC's Ex Parte Application for Order of Appearance and Examination of Judgment Debtor Gerald F. Rossi. ECF No. 105. Pending before the Court is DTSC's Motion to Allow Alternative Service Method to Serve Judgment Debtor the Order to Appear for Examination. ECF No. 112 ("Mot."). The Court finds this matter suitable for disposition without oral argument pursuant to Civil Local Rule 7-1(b) and **VACATES** the October 8, 2026, hearing. For the reasons stated below, the Court **DENIES** the motion.

## II. BACKGROUND

On February 10, 2020, DTSC filed this action against several defendants, including Gerald F. Rossi ("Rossi"). ECF No. 1. On April 28, 2023, the Court entered judgment against Rossi as an individual, and against the other defendants, in the amount of $9,506,719.58. ECF Nos. 93, 94; *see* ECF No. 101 (Abstract of Judgment). On December 22, 2025, the Court granted DTSC's Ex Parte Application for Order of Appearance and Examination of Judgment Debtor Gerald F. Rossi. ECF No. 105.

On January 9, 2026, the Court ordered Rossi to appear for a judgment debtor examination on March 12, 2026. ECF No. 106. On February 20, 2026, the Court issued a second order for Rossi's appearance, ordering him to appear on June 25, 2026. ECF No. 108. On June 10, 2026, the Court issued a third order for Rossi's appearance, ordering him to appear on November 12, 2026. ECF No. 110.

Between February and September 2026, DTSC made thirty-one unsuccessful service attempts on Rossi. Mot. at 4:15–24 (citing Declaration of Michael Bliss ¶¶ 4–12 (ECF No. 113); Declaration of Jason Hui ¶¶ 4–10 (ECF No. 114); Declaration of Brendan Hughes ¶ 9 (ECF No. 115)). DTSC attempted personal service on Rossi at three different physical addresses: Rossi's residence, the Fat Lady Restaurant owned by Rossi's family, and the contaminated E-D Coat property. *Id.*

On September 3, 2026, DTSC filed the instant Motion to Allow Alternative Service Method to Serve Judgment Debtor the Order to Appear for Examination. ECF No. 112 ("Mot."). DTSC seeks an order permitting alternative service of the third Order to Appear for Judgment Debtor Examination on Rossi. *Id.* Rossi has not filed a response.

## III. LEGAL STANDARD

The Federal Rules of Civil Procedure authorize federal courts to enforce a money judgment by writ of execution. Fed. R. Civ. P. 69(a)(1). "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." *Id.* This Court is in California, so it will apply California procedure concerning the judgment debtor examination order.

Judgment debtor proceedings under California law "permit the judgment creditor to examine the judgment debtor, or third persons who have property of or are indebted to the judgment debtor, in order to discover property and apply it toward the satisfaction of the money judgment." *Imperial Bank v. Pim Elec., Inc.*, 33 Cal. App. 4th 540, 546–47 (1995). "Debtor examinations are intended to allow the judgment creditor a wide scope of inquiry concerning property and business affairs of the judgment debtor, and to leave no stone unturned in the search

for assets which might be used to satisfy the judgment." *Rosales v. Roman Cath. Bishop of San Diego*, No. 23-cv-00908-AGS-JLB, 2026 WL 1791932, at *1 (S.D. Cal. June 22, 2026) (cleaned up).

The California Code of Civil Procedure provides:

> (a) The judgment creditor may apply to the proper court for an order requiring the judgment debtor to appear before the court, or before a referee appointed by the court, at a time and place specified in the order, to furnish information to aid in enforcement of the money judgment.
>
> (b) If the judgment creditor has not caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order upon ex parte application of the judgment creditor.
>
> (c) If the judgment creditor has caused the judgment debtor to be examined under this section during the preceding 120 days, the court shall make the order if the judgment creditor by affidavit or otherwise shows good cause for the order. The application shall be made on noticed motion if the court so directs or a court rule so requires. Otherwise, it may be made ex parte.
>
> (d) The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 30 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. Service of the order creates a lien on the personal property of the judgment debtor for a period of one year from the date of the order unless extended or sooner terminated by the court.
>
> (e) Except as provided in section 708.111, the order shall contain the following statement in 14-point boldface type if printed or in capital letters if typed: 'NOTICE TO JUDGMENT DEBTOR. If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court and the court may make an order requiring you to pay the reasonable attorney's fees incurred by the judgment creditor in this proceeding.'

Cal. Civ. Proc. Code § 708.110 ("Section 708.110"). Section 415.10 provides:

> A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served. Service of a summons in this manner is deemed complete at the time of such delivery.
>
> The date upon which personal delivery is made shall be entered on or affixed to the face of the copy of the summons at the time of its delivery. However, service of a summons without such date shall be valid and effective.

*Id.* at § 415.10 ("Section 415.10").

United States District Court
Northern District of California

## IV. DISCUSSION

DTSC moves for an order permitting alternative service of the Order to Appear for Judgment Debtor Examination on Rossi by four methods: (1) certified mail to Rossi at the Fat Lady Restaurant; (2) certified mail to Rossi at his residence in Alameda; (3) email to Rossi's attorney; and (4) email to an email address with which Rossi is associated. Mot. at 2.

Section 708.110 states: "The judgment creditor shall personally serve a copy of the order on the judgment debtor not less than 30 days before the date set for examination. Service shall be made in the manner specified in Section 415.10." Cal. Civ. Proc. Code § 708.110(d). Section 415.10, which governs service of a summons, states: "A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served." *Id.* at § 415.10. The California Code of Civil Procedure permits alternative service of a summons, stating in pertinent part:

> If no provision is made in this chapter or other law for the service of summons, or if a plaintiff, despite exercising reasonable diligence, has been unable to effect service of the summons by any of the methods authorized under this chapter, the court in which the action is pending may, upon motion, direct that summons be served in a manner that is reasonably calculated to give actual notice to the party to be served, including by electronic mail or other electronic technology, and that proof of such service be made as prescribed by the court.

*Id.* at § 413.30(a)(1) ("Section 413.30").

Here, DTSC argues that Section 413.30's alternative service provision that applies to service of a summons also permits alternative service of judgment debtor examination orders. Mot. at 6:2–8:14. DTSC acknowledges that several courts have held that Section 708.110 requires that a judgment debtor be served personally with an examination order. *Id.* at 8:1–12; *see, e.g., In re Dixie Farms Mkt.*, 9 F. App'x 692, 693 (9th Cir. 2001) ("This order was in error to the extent that it allowed mail service because section 708.110 specifically provides that service of the notice shall be by personal delivery."); *DiscoverOrg Data, LLC v. BitNine Glob., Inc.*, No. 19-cv-08098-EJD(NC), 2022 WL 17371159, at *2 (N.D. Cal. June 27, 2022) ("There is no authority permitting substitute service of a Rule 69 order under California law."); *H&M Bay, Inc. v. W. Coast Transportation, LLC*, No. CV-16-01744-VAP(DTBx), 2017 WL 8180634, at *3 (C.D. Cal. Mar.

13, 2017) ("[Section 708.110] does not provide for alternative methods of service other than personal service."). However, DTSC argues that these decisions came down prior to Section 413.30's amendment in 2025 which makes clear that alternative service methods may also be used for service of judgment debtor examination orders. Mot. at 3:14–21, 8:1–3.

When interpreting California statutes, courts "begin with the plain, commonsense meaning of the language used by the Legislature. If the language is unambiguous, the plain meaning controls." *Riverside Cnty. Sheriff's Dep't v. Stiglitz*, 60 Cal. 4th 624, 630 (2014) (cleaned up). Section 708.110 is clear—it expressly states the creditor "shall personally serve" the debtor with the examination order and does not provide for any exceptions to personal service. Cal. Civ. Proc. Code § 708.110(d). Section 708.110's relationship to Section 415.10 (referred to in Section 708.110) confirms that personal service is required. *See id.* at § 415.10 (explaining manner of personal service is by "personal delivery of a copy of the [examination order] to the person to be served"); *see also Winn v. Pioneer Med. Grp., Inc.*, 63 Cal. 4th 148, 155–56 (2016) ("We consider the ordinary meaning of the statutory language, its relationship to the text of related provisions, terms used elsewhere in the statute, and the overarching structure of the statutory scheme."). Indeed, "one of the more authoritative treatises on California law explicitly counsels that 'substituted service is not permitted' for judgment debtor examination orders." *New High Ltd. v. Glob. Merch Grp., LLC*, No. CV-21-9608-CAS(PVCx), 2026 WL 852165, at *2 (C.D. Cal. Mar. 23, 2026) (citing 1 MB Practice Guide: CA Debt Collection 10.30 (2026)).

DTSC points to no legal authority—binding or otherwise—stating that Section 708.110 permits service by alternatives to personal service. Instead, DTSC argues that Section 413.30's legislative history, along with statutory interpretation doctrines, make it clear that alternative service of judgment debtor examination orders is permissible. Mot. at 3:14–21. California courts only take account of legislative history if a statute's text is ambiguous. *Winn*, 63 Cal. 4th at 156. But DTSC does not argue that Section 708.110 is ambiguous; thus, any legislative history is immaterial. Even so, the legislative history is not helpful to DTSC because it concerns Section 413.30 (which only applies to service of a summons) and states that the amendment to Section 413.30 specifically addresses problems with service of process. *See* Cal. S.B. 85, 2025–26 Reg.

Sess., S. Floor Analysis, at 4 (Aug. 15, 2025) (explaining amendment provides flexibility where "a plaintiff, despite exercising reasonable diligence, is unable to effect service of the summons by any method authorized by statute"). And in fact, the legislative history of Section 708.110 confirms that examination orders must be personally served on judgment debtors. When amending other statutory provisions concerning enforcement of judgments, the California Legislature declined to permit alternative service of judgment debtor examination orders and updated Section 708.110 to specify service must be via personal delivery. *See* Cal. A.B. 504, 1993–94 Reg. Sess., S. Comm. Analysis (June 22, 1993) ("This bill repeals the existing provisions that require personal service of writs, notices, and orders relating to the enforcement of judgments. This bill allows these papers to be served by any method allowed by summons. However, there is one exception, orders of examination on judgment debtors must be served via personal service."); Cal. A.B. 504, 1993–94 Reg. Sess., S. Floor Analysis (Aug. 6, 1993) ("Existing law provides that a judgment creditor shall personally serve a copy of an order requiring a judgment debtor to appear before the court to furnish information to aid in the enforcement of the money judgment. This bill would provide that the order must be served by personal delivery.").

DTSC's argument that the "liberal construction rule also supports extending Section 413.30's reach beyond the service of summons, to actions requiring service after a lawsuit has begun," is unpersuasive. Mot. at 7:11–28. The lone case cited for this proposition is inapposite—there, the California Supreme Court held that it was desirable to apply the "liberal construction rule" to California's new " jurisdiction and service of process statutes" and dealt only with "section 416.10, which governs service upon corporations." *Pasadena Medi-Ctr. Assocs. v. Superior Ct.*, 9 Cal. 3d 773, 778 (1973). Critically, while DTSC lumps service of a summons and service of a judgment debtor examination order into "actions requiring service," it does not address how the failure to respond to service differs drastically between the two actions. A judgment debtor who fails to respond to an examination order faces possible "arrest and punishment for contempt of court." Cal. Civ. Proc. Code § 708.110(e). The Court's Order to Appear for Judgment Debtor Examination states as much. *See* ECF No. 110 ("If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for

contempt of court[.]"). In addition, the mere service of the examination order "on the judgment debtor creates an enforceable lien on the debtor's personal property." *In re Swintek*, 543 B.R. 303, 307 (B.A.P. 9th Cir. 2015) (citing Cal. Civ. Proc. Code § 708.110(d)). In contrast, none of these consequences arise from the failure to respond to a summons. Therefore, given the harsh penalties for failing to respond to an examination order, the Court concludes that the alternative service provisions in Section 413.30 should not be imputed to Section 708.110. *Cf. Clark v. United Debt Settlement, LLC*, No. 5:24-cv-01298-SSS(DTBx), 2026 WL 638634, at *3–4 (C.D. Cal. Mar. 4, 2026) (holding plaintiff failed to provide judgment debtor proper notice of examination because plaintiff did not personally serve debtor with examination order and declining to hold debtor in contempt for failing to appear at examination "[g]iven the severity of civil contempt").

In sum, because the statute's text explicitly states that an examination order must be served personally on a judgment debtor, the Court declines to be the first to read into California law an exception to personal service that is contradicted by the plain terms of the statute. *See id.* at *3 ("Courts in this Circuit have consistently upheld the personal service requirements for judgment debtor examinations under Cal. Code Civ. Proc. § 708.110(d)."). Accordingly, the Court **DENIES** DTSC's request for an order permitting alternative service of the Order to Appear for Judgment Debtor Examination on Rossi by certified mail and by email.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** DTSC's Motion to Allow Alternative Service Method to Serve Judgment Debtor the Order to Appear for Examination.

**IT IS SO ORDERED.**

Dated: September 28, 2026

THOMAS S. HIXSON
United States Magistrate Judge